UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANNIE LAURIE GAYLOR; DAN BARKER; IAN GAYLOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNE NICOL GAYLOR; and FREEDOM FROM RELIGION FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JACOB LEW, Secretary of the United States Department of Treasury; JOHN KOSKINEN, Commissioner of the Internal Revenue Service; and the UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:16-cv-00215-slc |

**UNITED STATES' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIM THAT 26 U.S.C. § 107(1) VIOLATES THE UNITED STATES CONSTITUTION**

Plaintiffs brought this suit to challenge the constitutionality of 26 U.S.C. § 107[1] – which provides certain federal income tax exemptions to ministers. The statute has two components. The first permits ministers to exclude from their income the value of any housing that is provided by their employer. The second permits minsters to exclude from their income the amount of any housing allowance that they receive from their employer. To establish standing to challenge the constitutionality of either of these provisions, plaintiffs must show they have requested and been denied the benefit of either exemption. *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 821 (7th Cir. 2014). Plaintiffs ***do not allege*** that they have claimed an exclusion from their income for the value of any housing that is provided by their employer,

---

[1] All further statutory references refer to the Internal Revenue Code (26 U.S.C.), unless otherwise noted.

1

FFRF. *See* § 107(1). As a result, plaintiffs do not have standing to challenge § 107(1), and that claim should be dismissed for lack of subject matter jurisdiction.[2]

Notably, this is the second case in which plaintiffs have sought a declaration that 26 U.S.C. § 107 is unconstitutional. In *Freedom from Religion Found., Inc. v. Lew*, 11-cv-626-bbc (W.D. Wis.), plaintiffs FFRF, Annie Laurie Gaylor, Dan Barker, and Anne Nicol Gaylor sued to invalidate the statue because, according to plaintiffs, the statute violated the Establishment Clause "by providing preferential and discriminatory tax benefits to ministers of the gospel." *See Lew*, 3:11-cv-00626-bbc, Docket No. 13, Amended Complaint. This Court entered judgment against the plaintiffs in that case for lack of standing to challenge § 107(1). *Freedom from Religion Found., Inc. v. Lew*, 983 F. Supp. 2d 1051, 1053 (W.D. Wis. 2013) ("Because plaintiffs have not opposed defendants' argument that plaintiffs lack standing to challenge § 107(1), I will grant defendants' motion as to that aspect of plaintiffs' claim."). As a result of this Court's prior ruling, plaintiffs are precluded from re-litigating the issue. Plaintiffs' challenge to § 107(1) should be dismissed for this reason as well.

I.   **PLAINTIFFS' ALLEGATIONS**

   A.   **Factual Allegations**

Three individual plaintiffs, along with the Freedom From Religion Foundation (hereafter "FFRF"), bring this suit challenging § 107. Two individual plaintiffs are the co-presidents of FFRF, Annie Laurie Gaylor and Dan Barker. The third individual plaintiff is Ian Gaylor, as executor of the estate of Anne Nicol Gaylor, who was president emerita of FFRF. FFRF describes itself as "a non-profit membership organization that advocates for the separation of state and church and educates on matters of non-theism." (Docket No. 1, Complaint ("Compl.")

---

[2] The United States does not contest plaintiffs' standing to sue under § 107(2).

¶ 5.) It purportedly has 23,500 members in every state and the District of Columbia. (*Id.*) FFRF claims its membership includes individuals who are federal taxpayers and "who are opposed to government preferences and favoritism toward religion." (*Id.* ¶ 7.) FFRF "represents and advocates on behalf of its members throughout the United States." (*Id.* ¶ 6.)

Plaintiffs further allege that the "individual plaintiffs each received housing allowances designated by the FFRF Executive Council, FFRF's governing body, including in 2012 and 2013." (*Id.* ¶ 11.) The "designated housing allowances paid to the individual plaintiffs by their employer FFRF did not exceed their housing-related expenses." (*Id.*) Plaintiffs further allege that "[e]ach of the individual taxpayers included the amount of their designated housing allowances as part of their reported income for the tax years in which the allowance was received, and accordingly, the plaintiffs paid taxes thereon the housing allowances." (*Id.* ¶ 14.) According to the complaint, the individual taxpayers subsequently filed amended tax returns, and sought a refund of the income taxes paid on the amounts of their designated housing allowances. (*Id.* ¶ 15.)

The plaintiffs further allege that, on July 9, 2015, the IRS denied the refunds sought by Annie Laurie Gaylor and Dan Barker for tax year 2012. (*Id.* ¶ 16.) According to the complaint, the IRS has not allowed the refund sought by Anne Nicol Gaylor for tax year 2013. (*Id.* ¶ 17.) Plaintiffs allege that the IRS sent Anne Nicol Gaylor's amended tax return for tax year 2013 "to the Ogden Customer Service Center to process on or about March 4, 2015, and without any further known action by the IRS thereafter." (*Id.*) Therefore, six months after submitting the claim to the IRS and within two years thereafter, the executor of her estate now claims her entitlement to the exclusion.

3

## B.  Jurisdictional Allegations

Plaintiffs challenge the constitutionality of § 107. Plaintiffs allege that they have suffered injuries because § 107 violates the Establishment Clause of the First Amendment "because it provides tax benefits only to 'ministers of the gospel,' rather than to a broad class of taxpayers" (Compl. ¶ 23), and "result[s] in 'excessive entanglement' between church and state" (*id.* ¶ 26). Section 107 provides certain taxpayers an exclusion from income for amounts attributable to employer-provided housing and housing allowances. Section 107 states:

> In the case of a minister of the gospel, gross income does not include–
>
>> (1) the rental value of a home furnished to him as part of his compensation; or
>>
>> (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities.

The individual plaintiffs allege that "their housing allowances do not qualify for income tax exemption because the individual plaintiffs are not religious clergy; the plaintiffs accordingly have been denied refunds of taxes paid on their housing allowance."  (*Id.* ¶ 3.) Plaintiffs contend that § 107 "discriminates against the individual plaintiffs who are denied the same tax benefits because they are not practicing religious clergy." (*Id.* ¶ 24.) Plaintiffs also allege that § 107 "violates the equal protection rights of the individual plaintiffs under the Due Process Clause of the Constitution." (*Id.* ¶ 57.)

Invoking this Court's jurisdiction under 28 U.S.C. § 1331, with reference to 28 U.S.C. §§ 2201 and 1343 (*Id.* ¶ 2), plaintiffs seek prospective relief in the form of: 1) a declaration that § 107 "violate[s] the Establishment Clause and the Due Process Clause of the United States

4

Constitution" and 2) an injunction against the United States "from continuing to grant or allow preferential and discriminatory tax benefits under §107 . . . exclusively to religious clergy." (*Id.*, Prayer for Relief, ¶¶ A, B).

## II. LEGAL STANDARD

On motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish subject matter jurisdiction, a plaintiff must show, among other things, that the plaintiff has standing to sue. *American Federation of Government Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition."); *see Pollack v. United States Dep't of Justice*, 577 F.3d 736, 738-39 (7th Cir. 2009). If the plaintiff cannot make this showing, even with all facts in the complaint accepted as true and all reasonable inferences drawn in the plaintiff's favor, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Peters v. Clifton*, 498 F.3d 727, 730, 734 (7th Cir. 2007) (affirming dismissal of complaint for lack of subject matter jurisdiction).

## III. LEGAL ARGUMENT

Article III of the United States Constitution requires that the federal judiciary resolve only "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. "No 'Case' or 'Controversy' exists if the plaintiff lacks standing to challenge the defendant's alleged misconduct." *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 819 (7th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff bears the burden of proof to establish each element of standing, *Lujan*, 504 U.S. at 561, that "(1) it has suffered an 'injury in fact' that is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision," *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.*, 528 U.S. 167, 180-81 (2000). "The standing inquiry is 'especially rigorous' when plaintiffs claim, as they do here, that 'an action taken by one of the other two branches of the Federal Government was unconstitutional.'" *Lew*, 773 F.3d at 819 (quoting *Raines v. Byrd*, 521 U.S. 811, 819–20 (1997). Further, "when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." *Lujan*, 504 U.S. at 562 (quotation omitted).

Especially important in the Establishment Clause context "is the requirement that the plaintiff's injury be 'concrete and particularized,' meaning that 'the injury must affect the plaintiff in a personal and individual way.'" *Lew*, 773 F.3d at 819 (quoting *Lujan*, 504 U.S. at 560 n.1). A "'generally available grievance about government – claiming only harm to . . . every citizen's interest in proper application of the Constitution and laws' is not considered an 'injury' for standing purposes." *Lew*, 773 F.3d at 819 (quoting *Lujan*, 504 U.S. at 573-74). A psychic injury is not enough either; "a plaintiff cannot establish standing based solely on being offended by the government's alleged violation of the Establishment Clause." *Lew*, 773 F.3d at 819 (citations omitted).

Instead, a plaintiff suing under the Establishment Clause may demonstrate standing in one of a few ways. *Lew*, 773 F.3d at 820. A plaintiff may have "standing based on the direct harm of what is claimed to be an establishment of religion, such as a mandatory prayer in a public school classroom." *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1440

(2011) *quoted in Lew*, 773 F.3d at 820. A plaintiff may have standing if she has suffered direct harm by "being exposed to religious symbols" under certain circumstances. *See Doe v. Cnty. of Montgomery, Ill.*, 41 F.3d 1156, 1159 (7th Cir. 1994), *cited in Lew*, 773 F.3d at 820.

A plaintiff may show "taxpayer standing" under *Flast v. Cohen* if she challenges a specific government appropriation that purportedly violates the Establishment Clause. *Lew*, 773 F.3d at 820. But "*Flast* does not give taxpayers standing to challenge the constitutionality of tax credits or other tax expenditures." *Lew*, 773 F.3d at 820 (internal punctuation and citations omitted).

The third way that a plaintiff can show standing to sue under the Establishment Clause is to demonstrate that she has "incurred a cost or been denied a benefit on account of [her] religion. Those costs and benefits can result from alleged discrimination in the tax code, such as when the availability of a tax exemption is conditioned on religious affiliation." *Winn*, 131 S. Ct. at 1440, quoted in *Lew*, 773 F.3d at 820. This third approach to showing standing "does not rely on intangible psychic harm or the mere fact that a taxpayer's money helped to further an unconstitutional end. Rather, it bases standing on the allegation that the government's unconstitutional action caused the plaintiff a concrete, dollars-and-cents injury." *Lew*, 773 F.3d at 820-21. "[T]he mere fact that the tax code conditions the availability of a tax exemption on religious affiliation does not give a plaintiff standing to challenge that provision of the code." *Lew*, 773 F.3d at 821; *see also Allen v. Wright,* 468 U.S. 737, 755 (1984), abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 165-67, 170 (1972).

In the present case, plaintiffs do not allege that they ever sought an exclusion from gross income under § 107(1) for the value of any housing that was provided by their employer, FFRF,

nor do they allege that the IRS denied them any such benefit. The Complaint contains no allegations whatsoever that any plaintiff sought to exclude from her or his "gross income" the "rental value of a home" furnished as part of his or her compensation. (*See generally* Compl.) No individual plaintiff claims receiving "a home furnished to him [or her] as part of his [or her] compensation" – the very subject of § 107(1). (*See generally* Compl.) Likewise, there is no allegation that FFRF provided housing to any individual. Indeed, there is no allegation that FFRF owns any real property that could be used as a home for Ms. Gaylor and Mr. Barker.

The lack of any such factual allegation makes clear that plaintiffs lack standing to challenge § 107(1). First, plaintiffs cannot show that they have suffered "direct harm" as a result of § 107(1) because that provision does not "require them to see or do anything." *See Lew*, 773 F.3d at 820. Second, because the exemption for the value of employer-provided housing benefits is a tax expenditure, and not a government appropriation of money, plaintiffs cannot claim taxpayer standing under *Flast*. *See Lew*, 773 F.3d at 820. Finally, as the court in *Lew* recently summarized, the plaintiffs in the present case "were never denied [an exemption for the value of any in-kind housing they may have received] because they never asked for it. Without a request, there can be no denial. And absent any personal denial of a benefit, the plaintiffs' claim amounts to nothing more than a generalized grievance about [§ 107(1)'s] unconstitutionality, which does not support standing." *Lew*, 773 F.3d at 821 (citing *Lujan*, 504 U.S. at 573-74) (internal footnote omitted).

Moreover, in their prior challenge to this same statute, plaintiffs ***conceded*** that they lacked standing to challenge § 107(1) – and while the factual allegations in this case remain the same (*i.e.*, the absence of allegations with respect to § 107(1)), plaintiffs somehow persist in their challenge to that portion of the statute. Indeed, discovery in the prior suit revealed that

Annie Laurie Gaylor and Dan Barker owned their own home and were not provided in-kind housing from FFRF. *Lew*, 3:11-cv-00626-bbc, Docket No. 37, Deposition of Annie Laurie Gaylor taken on Apr. 23, 2013, 37:17-38:1; Docket No. 38, Deposition of Dan Barker taken on Apr. 23, 2013, 17:10-18:8, 48:21-49:9. FFRF did not own any real property that could be used as a home for Ms. Gaylor and Mr. Barker. *Lew*, 3:11-cv-00626-bbc, Docket No. 39, Deposition of Freedom From Religion Foundation, Inc. pursuant to Rule 30(b)(6) taken on Apr. 24, 2013, 185:13-186:5. Instead, Ms. Gaylor and Mr. Barker received housing allowances from FFRF, *Lew*, 3:11-cv-00626-bbc, Docket No. 37, Deposition of Annie Laurie Gaylor taken on Apr. 23, 2013, 35:3-36:1; Docket No. 38, Deposition of Dan Barker taken on Apr. 23, 2013, 63:19-65:17, which invoked comparison with § 107(2), but there were no facts to even suggest that either FFRF or Ms. Gaylor and Mr. Barker would seek in-kind housing from FFRF.

Plaintiffs did not contest those material facts, and the district court granted the United States motion for summary judgment as to their challenge to § 107(1). *Freedom from Religion Found., Inc. v. Lew*, 983 F. Supp. 2d 1051, 1053 (W.D. Wis. 2013) ("Because plaintiffs have not opposed defendants' argument that plaintiffs lack standing to challenge § 107(1), I will grant defendants' motion as to that aspect of plaintiffs' claim."). Likewise, on appeal, the court noted that "plaintiffs conceded that they did not have standing to challenge § 107(1) – the exemption for housing provided in-kind by a church – because Gaylor and Barker do not receive in-kind housing from FFRF." *Lew*, 773 F.3d at 819.

In this case, there is no need to wait until summary judgment to dismiss plaintiffs' challenge to § 107(1). Plaintiffs do not allege that they have suffered "a concrete, dollars-and-cents injury" based on an allegedly unconstitutional action by the federal government under § 107(1). *See Lew*, 773 F.3d at 821. Further, because no individual plaintiff has alleged an

injury from the IRS's enforcement of § 107(1), there is no remedy that this Court can provide. "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." See *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991).

Finally, as a result of this Court's prior ruling that plaintiffs lack standing to challenge § 107(1) without alleging they requested and were denied any such benefit, plaintiffs are precluded from re-litigating the issue. Res judicata "promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being [hailed] into court repeatedly." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). "In federal court res judicata has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts). *Id.* (citing *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009). While it "may seem paradoxical to suggest that a court can render a preclusive judgment when dismissing a suit on the ground that the suit does not engage the jurisdiction of the court," such a ruling is "entitled to preclusive effect." *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999); *see id.* ("a jurisdictional dismissal precludes only the relitigation of the ground of that dismissal").

Here, identity of the parties is present because FFRF, Ms. Gaylor, Mr. Barker, and Ms. Anne Nicol Gaylor sued the government in the prior challenge to § 107(1). There is an identity of the causes of action because plaintiffs' challenge to § 107(1) in this matter is indistinguishable from its challenge in the prior case. And, as noted above, there was a final judgment on the merits in the prior case, *Lew*, 983 F. Supp. 2d at 1053, which plaintiffs did not appeal. *Lew*, 773 F.3d at 819. In short, this Court has already entered a final judgment on the very same legal issue in a suit involving the very same litigants. This is the quintessential

example of res judicata. For this reason, too, plaintiffs' challenge to § 107(1) should be dismissed.

## IV.   CONCLUSION

For all of the above reasons, plaintiffs' challenge to § 107(1) should be dismissed for lack of subject matter jurisdiction.

Dated: August 12, 2016                               Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

*/s/ Richard G. Rose*
RICHARD G. ROSE
District of Columbia Bar Number: 493454
U.S. Department of Justice
Tax Division
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-2032
Facsimile: (202) 514-6770
E-mail: richard.g.rose@usdoj.gov

JOHN W. VAUDREUIL
United States Attorney

*Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify that, on August 12, 2016, service of the foregoing UNITED STATES' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIM THAT 26 U.S.C. § 107(1) VIOLATES THE UNITED STATES CONSTITUTION was made upon plaintiffs by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Richard G. Rose*
RICHARD G. ROSE