UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ANNIE LAURIE GAYLOR;
DAN BARKER; IAN GAYLOR, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ANNE NICOL GAYLOR; and FREEDOM FROM
RELIGION FOUNDATION, INC.;

        Plaintiffs,

v.        Case No. 3:16-cv-00215-slc

JACOB LEW, Secretary of the United States
Department of Treasury; JOHN KOSKINEN,
Commissioner of the Internal Revenue Service;
and the UNITED STATES OF AMERICA,

        Defendants.

**PLAINTIFFS' BRIEF OPPOSING DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL**

**THE ISSUE OF SEVERABILITY IMPLICATES THE COURT'S REMEDIAL
AUTHORITY AND IS PREMATURE AT THIS TIME.**

The Plaintiffs oppose the Government's Partial Motion to Dismiss to the extent that the Motion is intended to foreclose considerations of severability at the point of determining potential remedial relief.

The Government argues that the Plaintiffs lack standing to challenge § 107(1) of the Internal Revenue Code, which exempts from taxation the value of in-kind housing providing by religious entities. The Government contends that the Plaintiffs did not receive in-kind benefits from their employer, but rather they received a designated cash allowance, which raises issues under § 107(2) of the Internal Revenue Code. Applying claim-specific rules of standing to the

Plaintiffs' circumstances, the Government contends that the Plaintiffs' Complaint only states a claim arising under § 107(2).

The Government's Motion overlooks that the invalidity of § 107(2) may later involve the Court in determining whether § 107(1) is, or is not, severable when evaluating any potential remedies that may be warranted. The Government's Motion is unclear as to whether the Government intends to foreclose eventual consideration of severability.

When a court strikes down a statutory provision, it must also determine whether to invalidate only the unconstitutional provision, or instead whether to invalidate the statute in its entirety or in substantial part. Severability is the doctrine of determining whether part or all of a statute should survive without the invalid portion.

The Supreme Court applies a two-step test in determining issues of severability. In *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 130 S.Ct. 3138 (2010), the Court synthesized the two-steps for assessing severability as involving separate determinations as to: (1) whether all of the remaining provisions of a statute are still fully functional without the constitutionally infirm provision; and (2) whether Congress would be satisfied with the remaining statute without the unconstitutional provision. *Id.* at 3161-62. Severability ultimately involves an assessment of the significance of the invalid provision in the overall statutory scheme Congress intended to create.

The United States Supreme Court has described the issue of severability as one of remedy. Once a court has found that one provision or application of a statute is unconstitutional and invalid, the court must next decide whether any prospective remedy should be limited to just the offending provision or whether the invalid provision is not severable from other provisions in the statute.

In *National Federation of Independent Business v. Sebelius*, 132 S.Ct. 2566 (2012), most recently, seven Justices of the Supreme Court expressly or implicitly recognized that claim-specific standing is not a prerequisite to consideration of issues of severability. In *Sebelius*, four Justices, in dissent, expressly rejected the argument that issues of severability were dependent on the parties having standing to challenge each and every provision of a statutory enactment. *Id.* at 2671. The dissenters concluded that a single invalid provision in the Obama Care legislation was not severable and, therefore, that the entire Act was invalid. Chief Justice Roberts, writing for the Court, concluded however that the unconstitutional provision was severable and, therefore, that the rest of the Act remained enforceable. Significantly, Justice Roberts implicitly recognized that the issue of severability needs must be addressed based on the finding of unconstitutionality of a single provision, without requiring plaintiffs to have standing to challenge each and every provision of the Act.

In the present case, whether § 107(2) is severable from other provisions in § 107 will need to be addressed if the Court determines that § 107(2) violates the Establishment Clause of the United States Constitution. The issue of severability, going to the question of remedy, does not require that the Plaintiffs separately have standing to challenge § 107(1). The issue of severability, moreover, was not previously addressed by the Court in prior litigation involving these parties, and in any event the Court's prior decision was vacated by the Seventh Circuit. As a result, the issue of severability is not subject to any preclusive or res judicata effect. *See U.S. Philips Corp. v. Sears Robuck and Company*, 55 F.3d 592 (Fed. Cir. 1995) (under Seventh Circuit precedent a vacated judgment does not have collateral effect); and *Korczak v. Sedeman*, 427 F.3d 419, 422 (7th Cir.)(vacated judgment lacks preclusive effect).

The Government's Partial Motion to Dismiss accordingly should be denied, insofar as the Government intends the Motion to preclude later consideration of severability issues upon a potential finding that § 107(2) of the Internal Revenue Code is invalid.

Dated this 2ND day of September, 2016.

        BOARDMAN & CLARK LLP
        By

        /s/ Richard L. Bolton
        Richard L. Bolton
        Wisconsin State Bar No. 1012552
        1 South Pinckney Street, Suite 410
        P. O. Box 927
        Madison, WI 53701-0927
        Telephone: (608) 257-9521
        Facsimile: (608) 283-1709
        Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I certify that, on September 2, 2016, service of the foregoing Plaintiffs' Brief Opposing Defendants' Motion For Partial Dismissal was made upon Defendants by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Richard L. Bolton*

f:\docs\wd\26318\25\a2560708.docx