UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ANNIE LAURIE GAYLOR; DAN BARKER; IAN GAYLOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNE NICOL GAYLOR; and FREEDOM FROM RELIGION FOUNDATION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-00215-slc |
| JACOB LEW, Secretary of the United States Department of Treasury; JOHN KOSKINEN, Commissioner of the Internal Revenue Service; and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIM THAT 26 U.S.C. § 107(1) VIOLATES THE UNITED STATES CONSTITUTION**

In their opposition, plaintiffs failed to meaningfully address defendants' essential argument: absent any allegation that plaintiffs have claimed an exclusion from their income for the rental value of any housing that is provided by their employer, plaintiffs do not have standing to challenge 26 U.S.C. § 107(1).[1] While ignoring this argument, plaintiffs repeatedly refer to issues of severability, as if the outcome of a motion to dismiss turns on the nature of a remedy the Court may ultimately fashion. It does not. Rather, the sole issue before the Court is straightforward: do the plaintiffs have standing to challenge § 107(1) if they have never requested, and thus have never been denied, any benefit offered by that statute? Plaintiffs cannot seriously answer that question in the affirmative. As the U.S. Court of Appeals for the

---

[1]     All further statutory references refer to the Internal Revenue Code (26 U.S.C.), unless otherwise noted.

Seventh Circuit recently summarized, "absent any personal denial of a benefit, the plaintiffs' claim amounts to nothing more than a generalized grievance about [§ 107(1)'s] unconstitutionality, which does not support standing." *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 821 (7th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992)). As a result, plaintiffs' challenge to § 107(1) should be dismissed for lack of subject matter jurisdiction.

I.      **Plaintiffs did not, and cannot, show that they have standing to sue under § 107(1).**

Plaintiffs must have standing for every claim that they raise. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352–53 (2006); *see also Lew*, 773 F.3d at 819. Where, as here, plaintiffs seek to challenge two provisions of a statute, the Supreme Court has held that the plaintiffs hold the burden of satisfying the test for standing with respect to each provision. *Davis v. FEC*, 554 U.S. 724, 733–34 (2008); *see also Lew*, 773 F.3d at 819. Specifically, a plaintiff must show, with respect to each provision, that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.*, 528 U.S. 167, 180-81 (2000).

In their brief in opposition to defendants' motion, plaintiffs failed to offer facts or law to show that they meet any of the standing elements for a claim under § 107(1)[2] – which permits ministers to exclude from their income the rental value of any housing that is provided by their employer as part of their compensation. (*See generally* ECF Doc. 13.) They failed to even

_____

[2]      Defendants do not contest plaintiffs' standing to sue under § 107(2), which excludes a designated "rental allowance" paid as part of compensation from the gross income of "ministers of the gospel."

2

acknowledge the elements.  (*Id.*)  They failed to contradict any aspect of the facts or law submitted by defendants in support of their motion, all of which show that plaintiffs lack standing to sue under that provision. This is because plaintiffs cannot show that they have been injured by § 107(1) because their employer does not provide in-kind housing as part of their compensation; necessarily, plaintiffs have never lived in such non-existent housing; and plaintiffs have not paid income taxes upon the "rental value" of such non-existent housing in which they did not live.  (*Compare* Compl. (failing to allege that plaintiffs' employer provides in-kind housing in which they live); *with* ECF Doc. 7 at 8-10 (identifying facts in prior litigation showing that plaintiffs' employer does not provide in-kind housing).).

When defendants demonstrated their lack of standing to sue under § 107(1) in a prior case, plaintiffs similarly failed to contest the issue. *See Freedom from Religion Found., Inc. v. Lew*, 983 F. Supp. 2d 1051, 1053 (W.D. Wis. 2013) ("Because plaintiffs have not opposed defendants' argument that plaintiffs lack standing to challenge § 107(1), I will grant defendants' motion as to that aspect of plaintiffs' claim."); *Lew*, 773 F.3d at 819 ("The plaintiffs conceded that they did not have standing to challenge § 107(1)—the exemption for housing provided in-kind by a church—because Gaylor and Barker do not receive in-kind housing from FFRF."). The issue of plaintiffs' standing to challenge § 107(1) was fully litigated in the prior case, and they are now precluded from re-litigating the issue, particularly when they failed to allege any changed facts from the prior case.

Plaintiffs have given this Court no reason to decide this motion in a manner inconsistent with *Lew*: the plaintiffs "were never denied [an exemption for the value of any in-kind housing they may have received] because they never asked for it.  Without a request, there can be no denial.  And absent any personal denial of a benefit, the plaintiffs' claim amounts to nothing

3

more than a generalized grievance about [§ 107(1)'s] unconstitutionality, which does not

support standing." 773 F.3d at 821 (citing *Lujan*, 504 U.S. at 573-74) (footnote omitted)).

**II.     Plaintiffs' assertions about a potential remedy, should this Court conclude that § 107(2) is unconstitutional, are irrelevant to the issue of whether they have standing to sue under § 107(1).**

Instead of addressing the threshold issue of their standing to sue under § 107(1),

plaintiffs oppose defendants' motion "to the extent that the Motion is intended to foreclose

considerations of severability at the point of determining potential remedial relief." (ECF Doc.

13 at 1.) According to plaintiffs, "[w]hen a court strikes down a statutory provision, it must also

determine whether to invalidate only the unconstitutional provision, or instead whether to

invalidate the statute in its entirety or in substantial part. Severability is the doctrine of

determining whether part or all of a statute should survive without the invalid portion." (*Id.* at

2.)

Plaintiffs have put the cart long before the horse.  Severability is a "remedial" question

which arises only after a determination that a plaintiff is actually entitled to relief. *See, e.g.*,

*National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566, 2607 (2012)

(plurality opinion) (describing severability as a "decision about remedy") (quoting *Ayotte v.*

*Planned Parenthood of N. New Eng.*, 546 U.S. 320, 330 (2006)); *Ayotte*, 546 U.S. at 328–31

(characterizing the question of severability as one of "remedy"). Here, defendants contend that

plaintiffs are not entitled to *any* remedy. This Court has not yet had the opportunity even to

evaluate the merits of plaintiffs' claims. The only issue before this Court is whether plaintiffs

have standing to sue under § 107(1). As discussed above, they do not. Questions regarding some

hypothetical remedy for a yet-unproved injury are no barrier to the Court granting defendants'

partial motion to dismiss.

4

III.     **CONCLUSION**

For all of the above reasons, and for the reasons stated in defendants' brief in support of its motion, plaintiffs' challenge to § 107(1) should be dismissed for lack of subject matter jurisdiction.

Dated: September 12, 2016               Respectfully submitted,

                                        CAROLINE D. CIRAOLO
                                        Principal Deputy Assistant Attorney General

                                        */s/ Richard G. Rose*
                                        RICHARD G. ROSE
                                        District of Columbia Bar Number: 493454
                                        U.S. Department of Justice
                                        Tax Division
                                        Post Office Box 7238
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 616-2032
                                        Facsimile: (202) 514-6770
                                        E-mail: richard.g.rose@usdoj.gov

                                        */s/ Erin Healy Gallagher*
                                        ERIN HEALY GALLAGHER
                                        District of Columbia Bar Number: 985670
                                        U.S. Department of Justice, Tax Division
                                        Post Office Box 7238, Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 353-2452
                                        Facsimile: (202) 514-6770
                                        E-mail: erin.healygallagher@usdoj.gov

                                        JOHN W. VAUDREUIL
                                        United States Attorney

                                        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on September 12, 2016, service of the foregoing DEFENDANTS' REPLY

IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIM THAT 26 U.S.C. § 107(1)

VIOLATES THE UNITED STATES CONSTITUTION was made upon plaintiffs by filing it

with the Clerk of Court using the CM/ECF system.

*/s/ Richard G. Rose*
RICHARD G. ROSE