IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANNIE LAURIE GAYLOR; DAN BARKER;
IAN GAYLOR, personal representative of
the estate of Anne Nicol Gaylor; and
FREEDOM FROM RELIGION FOUNDATION, INC.,

ORDER

                Plaintiffs,

16-cv-215-bbc

      v.

JACOB LEW, Secretary of the United States
Department of Treasury; JOHN KOSKINEN,
Commissioner of the Internal Revenue
Service; and the UNITED STATES OF
AMERICA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Annie Laurie Gaylor, Dan Barker, Ian Gaylor and Freedom from Religion Foundation, Inc. are challenging the constitutionality of 26 U.S.C. § 107, which provides two federal income tax exemptions to "minister[s] of the gospel." Section 107(1) excludes from a minister's gross income "the rental value of a home furnished to [the minister] as part of his compensation"; section 107(2) excludes a minister's "rental allowance paid to him as part of his compensation." Plaintiffs' claim is that § 107 violates the establishment clause because it provides a benefit to clergy but similarly situated officers of secular organizations are not entitled to the same benefit.

This is the second time that officers of the foundation have brought this challenge.

1

In <u>Freedom from Religion Found., Inc. v. Lew</u>, 983 F. Supp. 2d 1051, 1053 (W.D. Wis. 2013), I dismissed plaintiffs' challenge to § 107(1) for lack of standing, but I allowed plaintiffs' challenge to § 107(2) to proceed and I concluded that § 107(2) violated the establishment clause.  However, on appeal, the Court of Appeals for the Seventh Circuit concluded that plaintiffs lacked standing to challenge § 107(2) because they had not "personally claimed and been denied the exemption."  <u>Freedom from Religion Found., Inc. v. Lew</u>, 773 F.3d 815, 821 (7th Cir. 2014).

In their new complaint, plaintiffs allege that they have gone through the process of seeking a tax exemption for the housing allowances that they receive from the foundation and the Internal Revenue Service denied their claim.  Cpt. ¶¶ 14-18, dkt. #1.  However, in a motion to dismiss, defendants Jacob Lew, John Koskinen and the United States of America point out that plaintiffs have not alleged that they sought an exemption for the rental value of a home provided by their employer.  As a result, defendants argue that plaintiffs' claim challenging § 107(1) should be dismissed for lack of standing.  Defendants do not seek dismissal of plaintiffs' claim challenging § 107(2) at this time, presumably because they believe that plaintiffs' allegations are sufficient to show that they followed the directions of the court of appeals and now have standing to challenge that provision.

In their opposition brief, plaintiffs do not argue that they were denied an exemption under § 107(1).  Instead, they argue that defendants' motion is premature because "the invalidity of § 107(2) may later involve the Court in determining whether § 107(1) is, or is not, severable when evaluating any potential remedies that may be warranted."  Plt.'s Br.,

dkt. #13, at 2.  They cite <u>Free Enterprise Fund v. Public Co. Accounting Oversight Board</u>, 561 U.S. 477, 509 (2010), in which the Court stated that, if one statutory provision is invalidated as unconstitutional, other parts of the same statute may have to be invalidated if the other parts are not "fully operative as a law" or if "it is evident that the Legislature would not have enacted those provisions . . . independently of that which is invalid."

I agree with defendants that plaintiffs' argument is not responsive to defendants' motion.  The issue plaintiffs raise is one of *remedy*, not standing.  Under <u>Lew</u>, 773 F.3d at 821, plaintiffs do not have standing unless they sought a particular exemption and the IRS denied the claim.  Plaintiffs do not cite any contrary authority.  <u>Free Enterprise Fund</u> addresses the question of what a court must do when it invalidates a provision that is part of a larger statutory framework.  The Court did *not* suggest that questions about severability have any effect on a party's right to bring a separate claim.  In other words, even if I assume that § 107(1) and § 107(2) may not be severable, that does not give plaintiffs the right to bring a separate claim to challenge § 107(1).  Rather, if plaintiffs prevail on their challenge to § 107(2), plaintiffs may raise issues about severability at that time.  However, because they do not allege that they sought an exemption for the rental value of their home, I am dismissing their complaint with respect to § 107(1).


ORDER

IT IS ORDERED that the motion to dismiss for lack of standing filed by defendants Jacob Lew, John Koskinen and the United States of America, dkt. #6, is GRANTED.  The

complaint is DISMISSED as to the claim that 26 U.S.C. § 107(1) is unconstitutional.  The case will proceed on the claim that 26 U.S.C. § 107(2) is unconstitutional.

Entered this 24th day of October, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4