IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANNIE LAURIE GAYLOR; DAN BARKER;
IAN GAYLOR, personal representative of
the estate of Anne Nicol Gaylor; and
FREEDOM FROM RELIGION FOUNDATION, INC.,

                            ORDER

        Plaintiffs,

                          16-cv-215-bbc

    v.

JACOB LEW, Secretary of the United States
Department of Treasury; JOHN KOSKINEN,
Commissioner of the Internal Revenue
Service; and the UNITED STATES OF
AMERICA,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiffs Annie Laurie Gaylor, Dan Barker, Ian Gaylor and Freedom from Religion Foundation, Inc. are challenging the constitutionality of 26 U.S.C. § 107(2), which provides a tax exemption to "minister[s] of the gospel" for the minister's "rental allowance paid to him as part of his compensation." The case is scheduled for a preliminary pretrial conference on November 17, 2016. On November 14, 2016, the parties submitted a joint preliminary pretrial conference report, in which they propose deadlines for discovery, expert disclosures and dispositive motions, culminating in a trial on November 20, 2017. Dkt. #18.

       It is not clear why such an extended schedule is needed because the parties have already litigated this case once. As the parties know, in Freedom from Religion Found., Inc.

1

v. Lew, 983 F. Supp. 2d 1051 (W.D. Wis. 2013), I concluded that § 107(2) violated the establishment clause. On appeal, the Court of Appeals for the Seventh Circuit concluded that plaintiffs lacked standing to challenge § 107(2) because they had not "personally claimed and been denied the exemption." Freedom from Religion Found., Inc. v. Lew, 773 F.3d 815, 821 (7th Cir. 2014). (The court of appeals did not address the merits of the case.) Now that it appears that plaintiffs have gone through the process of requesting the exemption and the Internal Revenue Service has denied the request, dkt. #15, the only remaining question seems to be whether there have been any factual or legal developments since the 2013 decision that would require a different result.

Accordingly, the parties should be prepared to explain at the preliminary pretrial conference why this case should not proceed directly to briefing on dispositive motions. My tentative proposal is to set a dispositive motions deadline of February 1, 2017. If both sides have no objections, they may contact the clerk of court to cancel the pretrial conference.

Entered this 16th day of November, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge