UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANNIE LAURIE GAYLOR; DAN BARKER; IAN GAYLOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNE NICOL GAYLOR; and FREEDOM FROM RELIGION FOUNDATION, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>JACOB LEW, Secretary of the United States Department of Treasury; JOHN KOSKINEN, Commissioner of the Internal Revenue Service; and the UNITED STATES OF AMERICA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:16-cv-00215<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

    Plaintiffs brought this suit to challenge the constitutionality of 26 U.S.C. § 107[1] – which provides certain federal income tax exclusions to ministers. The statute has two components. The first permits ministers to exclude from their income the value of any housing that is provided by their employer. 26 U.S.C. § 107(1). The second permits minsters to exclude from their income the amount of any housing allowance that they receive from their employer. 26 U.S.C. § 107(2). On October 24, 2016, the Court dismissed any claim that § 107(1) is unconstitutional and further ordered that the case will proceed on the claim that § 107(2) is unconstitutional. (Doc. 15.)

    Numerous clergy and churches now seek to intervene to defend against plaintiffs' claim because, purportedly, they "will suffer significant financial harm and consequent harm to their

---

[1] All further statutory references in the text refer to the Internal Revenue Code (26 U.S.C.), unless otherwise noted.

ability to carry out their religious missions" if the plaintiffs prevail. The court should deny the motion to intervene for the following reasons.

First, assuming the proposed intervenors may have a legally protectable interest in the outcome of this case, they have other avenues to protect that interest. Because they have such a remedy, the motion to intervene should be denied because their interests would not be "impaired" within the meaning of the rule. Second, the defendants in this case adequately represent the proposed intervenors' interests. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011). Indeed, the defendants have denied the allegations in the complaint and stated in their answer that "[s]ection 107(2), and its implementing regulations, are constitutional." (Doc. 17 at 14 ("Defenses").) In a case such as this, the adequacy of the government's representation is presumed. *See Freedom from Religion Found., Inc.*, 644 F.3d at 841 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006) ("This presumption of adequacy is 'nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.'")). Finally, the proposed intervenors have no independent grounds for jurisdiction and there are no common claims held by the proposed intervenors that could be consolidated through intervention, only redundant defenses.

## ARGUMENT

**I.     APPLICANTS ARE NOT ENTITLED TO INTERVENTION AS OF RIGHT.**

An applicant seeking to intervene as of right pursuant to Rule 24(a)(2) must: "have an interest relating to the subject matter of the action," "be at risk that that interest will be impaired by the action's disposition," and "demonstrate a lack of adequate representation of the interest by

the existing parties." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001).[2] Furthermore, the party seeking intervention bears the burden of showing that these elements are met. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773-74 (7th Cir. 2007). "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Commodity Futures Trading Com. v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984). *See also Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982) ("The proposed intervenors' failure to fulfill any one of the requirements of Rule 24(a) would be sufficient to deny intervention as of right.").

Defendants do not dispute that the proposed intervenors may have "an interest" relating to the subject matter of this action: the constitutionality of § 107(2). But that interest is not at risk of "impairment" in this action. Further, and most critically, the current defendants in this case will provide more than adequate representation of the proposed intervenors' interests in defending the constitutionality of § 107(2).

### A. The proposed intervenors may have a "direct, significant, and legally protectable interest" relating to the subject matter of this action.

"Intervention as of right requires a direct, significant, and legally protectable interest in the question at issue in the lawsuit." *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013) (quotation and alterations omitted). The proposed intervenors here claim a "direct, substantial financial harm" if § 107(2) were to be declared unconstitutional. (Doc. 22 at 8.) As is frequently the case for motions to intervene, defendants presume that the proposed intervenors have the necessary interest in this case. *E.g., Ind. Petroleum Marketers & Convenience Store*

---

[2] A would-be intervenor must also "make a timely application" for intervention. *Vollmer*, 248 F.3d at 705. The defendants take no position on the timeliness of the motion to intervene in this case.

*Ass'n v. Huskey*, No. 1:13-cv-00784-RLY-DML, 2013 U.S. Dist. LEXIS 175009, *9 (S.D. Ind. Dec. 11, 2013) (assuming, without deciding, that a proposed intervenor had the necessary interest in the case because it was not necessary to the result: denial of the motion to intervene because the State of Indiana adequately represented the proposed intervenors' interest, *id.* at *9-17).

**B.     The proposed intervenors' interest is not impaired or impeded because they have other means to protect their interest.**

The proposed intervenors must also show that the disposition of the action will threaten to impair or impede their ability to protect their asserted interest. *See Vollmer*, 248 F.3d at 705. As the U.S. Court of Appeals for the Seventh Circuit has concluded, a proposed intervenors' interest is not impaired or impeded where there are other means to protect that interest. *See B.H. v. McDonald*, 49 F.3d 294 (7th Cir. 1995).

In *B.H.*, the proposed intervenors sought to intervene in a case concerning implementation of a consent decree that addressed necessary reforms at the Illinois Department of Children and Family Services. The proposed intervenors argued that they had "an independent right to intervene to challenge the constitutionality of in-chambers conferences." But the court disagreed, reasoning that "[b]ecause they can seek to make a court proceeding public without intervening," their motion to intervene failed. *Id.* at 297. *Cf. Commodity Futures Trading Comm'n*, 736 F.2d at 386 (concluding that intervention is not necessary where would-be intervenors can protect their interests by asserting those interests in other available forums); *SEC v. Homa*, 17 Fed. Appx. 441, 446 (7th Cir. 2001) (same); *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (same).

Here, even if this Court and the appellate court were to rule that § 107(2) is unconstitutional (which it is not), the proposed intervenors have alternate remedies to address any future denial of the tax benefits accorded to parsonage allowances under the challenged provisions of the tax code. Until the Supreme Court itself concludes that the Establishment Clause forbids the tax benefits long accorded by the Code to the parsonage allowance, it cannot be said that the proposed individual intervenors lack a remedy, or "other means," of protecting their interests. For example, if the individual intervenors owed taxes and were issued a notice of deficiency for the additional tax due because they were no longer entitled to exclude their housing allowance from taxation, they could obtain prepayment review of that determination in the Tax Court. *See* §§ 6212, 6213(a), 7442. Alternatively, the proposed individual intervenors could fully pay the tax, file a timely administrative claim for refund and, after that claim is denied or no action is taken on it for at least six months, sue for a refund in a district court or the Court of Federal Claims. §§ 6511(a), 6532(a)(1), 7422(a); 28 U.S.C. §§ 1346(a)(1), 1491; *Flora v. United States*, 357 U.S. 63 (1958), *on rehearing*, 362 U.S. 145 (1960). Because they have these remedies, the motion to intervene should be denied because their interests would not be "impaired" within the meaning of the rule.

Finally, the proposed intervenors could raise their arguments in an *amicus* brief (and the defendants do not object to their doing so). The proposed intervenors argue that they are "uniquely situated" to "offer arguments to the Court from the perspective of ministers and churches who actually use the parsonage allowance and who would be harmed if it were struck down." (Doc. 22 at 18.) An *amicus* brief would give the proposed intervenors an avenue to provide their unique perspective to the Court. For this reason too, the motion to intervene should be denied.

C.     **The proposed intervenors' interest is adequately represented.**

Even if the proposed intervenors have an interest in the subject matter of this case and even if that interest may be impaired by this litigation (a point we in no way concede), the court should deny their motion to intervene because defendants will adequately represent their purported interest in this case. "Although intervention requires only a 'minimal' showing of inadequate representation, when the prospective intervenor and the named party have the same goal, a 'presumption [exists] that the representation in the suit is adequate." *Wis. Educ. Ass'n Council*, 705 F.3d at 659 (internal citations omitted). "This presumption of adequacy is 'nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.'" *Freedom from Religion Found.*, 644 F.3d at 841 (quoting *Lockyer*, 450 F.3d at 444). In addition, "when the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately represent their interests unless there is a showing of gross negligence or bad faith." *Ligas*, 478 F.3d at 774. *See also Wis. Educ. Ass'n Council*, 705 F.3d at 658-59; *United States v. South Bend Community School Corp.*, 692 F.2d 623, 628 (7th Cir. 1982) ("the existing representative, namely, the Government, is charged by law with representing the interests of the absentee").

*Freedom from Religion Found., Inc.* is directly on point. There, the same plaintiff brought the same lawsuit against the Secretary of the Treasury and the Commissioner of the Internal Revenue Service in their official capacities, alleging that the so-called "parsonage exemption" violates the Establishment Clause. Likewise, a minister of the gospel who regularly claimed the parsonage exclusion moved to intervene as a defendant. The district court denied the motion to intervene and the U.S. Court of Appeals for the Ninth Circuit affirmed. The court did

6

not doubt that the defendants' "ultimate objective is to uphold the challenged statutes" and therefore a presumption of adequate representation applied. *Freedom from Religion Found., Inc.*, 644 F.3d at 841. The court also rejected all of the proposed intervenors' efforts to rebut that presumption, including an argument, as the proposed intervenors suggest here, that the defendants' "interest in maximizing federal tax revenues might lead the federal defendants to abandon key arguments that could be marshaled in defense of the challenged statutes." *Id.* at 842.

In *Wis. Educ. Ass'n Council*, certain municipal employees sought to intervene in a case involving a constitutional challenge to legislative changes to the state's public employee labor laws. The court concluded that the district court had properly denied the employees' motion to intervene as of right. The court reasoned that the employees "and the state share the same goal: protecting Act 10 against the Unions' constitutional challenge." *Wis. Educ. Ass'n Council*, 705 F.3d at 659. The state's representation was thus deemed adequate.

That reasoning applies with equal force here. The defendants and the proposed intervenors share the same ultimate objective: to uphold § 107(2) against a constitutional attack. Indeed, the defendants have denied the allegations in the complaint and stated in their answer that "[s]ection 107(2), and its implementing regulations, are constitutional." (Doc. 17 at 14 ("Defenses").) And the defendants have successfully defended against challenges to § 107(2) in the past. *E.g.*, *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 821 (7th Cir. 2014). Indeed, in their brief, the proposed intervenors note the "first time that FFRF challenged the parsonage allowance," the district court decision "would have required the IRS to begin taxing the housing allowances of Intervenors who utilize § 107(2)" – had that decision not been "vacated." (Doc. 22 at 15.) They casually ignore the obvious inference: their intervention is not

7

necessary to defend against attacks upon § 107(2). The legal victory they reference was secured by the work of the defendants and their counsel.

The defendants have consistently enforced the provisions of § 107(2) since their enactment, and the proposed intervenors have not alleged, let alone provided any evidence establishing, any change in that intention. This is consistent with another case in which a sovereign was defending a statute against a constitutional challenge, when an interested party sought to intervene and the court reasoned that government counsel are well situated to represent the broader public interest:

> In matters of public law litigation that may affect great numbers of citizens, it is the government's basic duty to represent the public interest. And the need for government to exercise its representative function is perhaps at its apex where, as here, a duly enacted statute faces a constitutional challenge. In such cases, the government is simply the most natural party to shoulder the responsibility of defending the fruits of the democratic process.

*Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013).

Moreover, the proposed intervenors do not introduce any additional elements of a claim or defense that might affect the resolution of the instant action, or provide any facts that would support a finding that the defendants will not adequately represent the proposed intervenors' interest in this case – much less a finding of "gross negligence or bad faith" on the part of the defendants. *See Ligas*, 478 F.3d at 774. Instead, the proposed intervenors speculate about actions by the IRS or the reasons for the United States defense in the action in concluding that the case could include issues or claims beyond those at issue. (Doc. 22 at 19-21.) They offer no facts to support their speculation. Where the IRS denied claims for refund that put a matter at issue, there may be reasons other than collusion that lead to other actions. *Cf. Pierce v. Underwood*, 487 U.S. 552, 568 (1988) ("Other factors, however, might explain the settlement

equally well—for example, a change in substantive policy instituted by a new administration. The unfavorable terms of a settlement agreement, without inquiry into the reasons for settlement, cannot conclusively establish the weakness of the Government's position."). Similarly, one issue they raise—the standing of one of the plaintiffs—has nothing to do with the constitutionality of § 107(2) but instead raises issues of tax procedure and administration that are not within the intervenors' purported interests. Despite the intervenors' argument, the matter stands in court and the United States is defending § 107(2).

As noted above, the proposed intervenors' desire to contribute legal argument on the issues in this case can be addressed by an *amicus* brief. But allowing them to enter the case to assert their own interests may well complicate the case. As the U.S. Court of Appeals for the Fourth Circuit observed:

> [T]o permit private persons and entities to intervene in the government's defense of a statute upon only a nominal showing would greatly complicate the government's job. Faced with the prospect of a deluge of potential intervenors, the government could be compelled to modify its litigation strategy to suit the self-interested motivations of those who seek party status, or else suffer the consequences of a geometrically protracted, costly, and complicated litigation. In short, "the business of the government could hardly be conducted if, in matters of litigation, individual citizens could usually or always intervene and assert individual points of view."

*Stuart*, 706 F.3d at 351 (quoting 6 Moore's Federal Practice § 24.03[4][a][iv][A] (3d ed. 2011)).

For these reasons, *Freedom From Religion Found., Inc. v. Koskinen*, 298 F.R.D. 385 (W.D. Wis. 2014), is inapposite. There, FFRF brought suit to obtain a declaration that the IRS had an internal policy of non-enforcement of the political activity restrictions of § 501(c)(3) exclusively as to churches and religious organizations, and that policy violated the Establishment Clause. That case did not present a straightforward attack on the constitutionality of a

9

Congressional enactment. Rather, the "IRS's defense is that it does not have a policy against enforcing those restrictions against churches and religious organizations." *Id.* at 387. The court concluded that the IRS did "not fully represent the movants' interests," *id.*, because the proposed intervenors sought "to advance the argument that the IRS may not enforce the electioneering restrictions of § 501(c)(3) against churches and religious organizations, an argument that the original party, the IRS, does not intend to advance and which, if successful, would confer a tangible benefit on the movants." That is, the intervenors wanted to argue that the IRS had to have a policy of non-enforcement, while FFRF was trying to set aside such a policy, at the same time the IRS contended there was no such policy and had no reason to argue whether the hypothetical policy would be proper or not.

      The present case is different. The sole issue before the Court is the constitutionality of § 107, not a purported policy at the IRS, and the effect of any such policy. The proposed intervenors acknowledge in their brief that protecting their purported interest "presents the same principal question of law as the existing parties' dispute—the constitutionality of § 107(2)." (Doc. 22 at 24.) Indeed, the proposed intervenors admit they do "not seek to introduce any new issue, but only to present further arguments as to why FFRF's claim should fail." (*Id.*) At bottom, the proposed intervenors' interest is in defeating the plaintiffs' argument that § 107 is unconstitutional. Defeating this suit is also the defendants' interest in this case, and adequacy of representation is thus presumed. *Wis. Educ. Ass'n Council*, 705 F.3d at 659. The proposed intervenors are not entitled to intervention as of right.

## II. PROPOSED INTERVENORS ARE NOT ENTITLED TO PERMISSIVE INTERVENTION.

Intervention on a permissive basis is permitted if the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The proposed intervenor must, at a minimum, show "that there is (1) a common question of law or fact, and (2) independent jurisdiction." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (citing *Reedsburg Bank v. Apollo*, 508 F.2d 995, 1000 (7th Cir. 1975). Even if those two requirements are met, the district court has discretion to deny permissive intervention. *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (citing *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985)).

First, the proposed intervenors have no independent grounds for jurisdiction. They admit that they cannot prosecute any independent claims or defenses in their own right. (*See* Doc. 22 at 14 (this "is not a case 'where the aspirant for intervention could file an independent suit '").) On that basis alone, the Court should deny their request to intervene.

Second, there are no common claims held by the proposed intervenors that could be consolidated through intervention, only redundant defenses. In fact, the only claim the proposed intervenors could assert in this case is a request that the statute at issue be declared constitutional. But a "statute is presumed constitutional," *Heller v. Doe*, 509 U.S. 312, 320 (1993), so any such claim is invalid.

In addition, proposed intervenors are precluded from bringing an action seeking a declaratory judgment that the statute is constitutional. *See* 28 U.S.C. § 2201(a) (empowers "any court of the United States" to "declare the rights and other legal relations of any interested party seeking such a declaration" in "a case of *actual controversy* within its jurisdiction, *except with*

11

*respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code") (emphasis added). The flipside of this grant of authority in 28 U.S.C. § 2201(a) is a prohibition against the rendering of a declaratory judgment by *any* federal court, including this one, in any federal tax case not arising under 26 U.S.C. § 7428 or specifically authorized by §§ 7476-7479. *See Flora*, 362 U.S. at 164; *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

Finally, "[p]ermissive intervention under Rule 24(b) is wholly discretionary." *Sokaogon*, 214 F.3d at 949. In exercising its discretion, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permitting intervention in this case would unduly delay and prejudice the adjudication of the underlying case because the proposed intervenors do not need to be a party to make their legal arguments, and any additional party "would unnecessarily encumber the litigation." *See PEST Committee v. Miller*, 648 F. Supp. 2d 1202, 1214 (D. Nev. 2009) (denying motion to intervene based on permissive intervention grounds in part because adding additional parties where the potential intervenors' interests are adequately protected would unnecessarily encumber the litigation).

Furthermore, the interests of the proposed intervenors are so broad and factually unrelated to the action for declaratory judgment, allowing intervention would provide a rationale for any other "minister of the gospel" or person claiming a deduction under the statute at issue to intervene, thus undermining judicial economy and creating potential for undue delay or prejudice. The proposed intervenors lack a distinct legally cognizable claim or defense held in their own right; thus, allowing them to intervene undermines rather than advances judicial economy. For this reason too, the Court should deny the motion to intervene.

## CONCLUSION

For all the foregoing reasons, the motion to intervene (Doc. 21) should be denied.

Dated: December 20, 2016            Respectfully submitted,

                                         CAROLINE D. CIRAOLO
                                         Principal Deputy Assistant Attorney General

                                         */s/ Richard G. Rose*
                                         RICHARD G. ROSE
                                         District of Columbia Bar Number: 493454
                                         U.S. Department of Justice
                                         Tax Division
                                         Post Office Box 7238
                                         Ben Franklin Station
                                         Washington, D.C.  20044
                                         Telephone: (202) 616-2032
                                         Facsimile: (202) 514-6770
                                         E-mail: richard.g.rose@usdoj.gov

                                         */s/ Erin Healy Gallagher*
                                         ERIN HEALY GALLAGHER
                                         District of Columbia Bar Number: 985670
                                         U.S. Department of Justice, Tax Division
                                         Post Office Box 7238, Ben Franklin Station
                                         Washington, D.C.  20044
                                         Telephone: (202) 353-2452
                                         Facsimile: (202) 514-6770
                                         E-mail: erin.healygallagher@usdoj.gov

                                         JOHN W. VAUDREUIL
                                         United States Attorney

                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on December 20, 2016, service of the foregoing DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE was made by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Richard G. Rose*
RICHARD G. ROSE