IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNIE LAURIE GAYLOR; DAN BARKER;
IAN GAYLOR, personal representative of
the estate of Anne Nicol Gaylor; and
FREEDOM FROM RELIGION FOUNDATION, INC,

              Plaintiffs,

  v.                                          OPINION & ORDER

JACOB LEW, Secretary of the United States          16-cv-215-bbc[1]
Department of Treasury; JOHN KOSKINEN,
Commissioner of the Internal Revenue
Service; and the UNITED STATES OF
AMERICA,

              Defendants.

---

      Plaintiffs Annie Laurie Gaylor, Dan Barker, Ian Gaylor, and Freedom from Religion Foundation, Inc. are proceeding on a claim that 26 U.S.C. § 107(2) violates the Establishment Clause because that law allows a "minister of the gospel" to exclude from his taxable income a "rental allowance paid to him as part of his compensation," but the law does not provide the same benefit to similarly situated secular employees. Now before the court is a motion to intervene under Federal Rule of Civil Procedure 24 filed by Bishop Edward Peecher, Chicago Embassy Church, Father Patrick Malone, Holy Cross Anglican Church, and the Diocese of Chicago and Mid-America of the Russian Orthodox Church Outside of Russia. Dkt. 21.

      Because the proposed intervenors have shown that they meet the requirements to intervene as of a right under Rule 24(a)(2), the court will grant their motion. This makes it

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of this case.

unnecessary to consider the proposed intervenors' alternative arguments regarding permissive intervention under Rule 24(b).

## ANALYSIS

Under Rule 24(a)(2), a party may intervene as of a right if she meets the following requirements: (1) the motion to intervene is timely; (2) the proposed intervenor possesses an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the parties may not represent the interest adequately. *Ligas v. Maram*, 478 F.3d 771, 773-74 (7th Cir. 2007).

Plaintiffs have not filed an opposition brief to the motion to intervene, so presumably they agree with the proposed intervenors that each element of the above standard is satisfied. The government opposes intervention, but does not raise any arguments about the first two requirements. The court concludes that the first two requirements are met. Because the merits of plaintiffs' claim have not yet been resolved and the proposed intervenors represent that they do not need any changes to the schedule, the motion is timely. And because it is undisputed that the proposed intervenors are part of the group that would lose their tax exemption if 26 U.S.C. § 107(2) is invalidated, it is clear that they have a concrete interest in the outcome of the case. In fact, no group of people face more to lose if plaintiffs succeed than ministers such as the proposed intervenors.

The two issues in dispute are whether the proposed intervenors' interest will be impaired if they cannot intervene and whether the government adequately represents that interest. The proposed intervenors' arguments regarding both issues are straightforward. As to the impairment of their interest, each of them is located within Seventh Circuit, so if this

court and the court of appeals rules in favor of plaintiffs, the proposed intervenors will lose their tax exemption. As to the adequacy of the government's representation, the proposed intervenors do not for the most part challenge the government's competence, but rather contend that the government's interests are different from theirs. In particular, the proposed intervenors say that they want to defend § 107(2) from their own perspective, arguing that striking down § 107(2) would violate *their* constitutional rights under the Free Exercise Clause, the Establishment Clause, and the Due Process Clause. Also, the proposed intervenors want to provide facts to the court related to how the tax exemption they receive works in practice, which they believe will help to demonstrate that § 107(2) has a secular purpose and effect and does not violate the Establishment Clause.

The court is persuaded that the proposed intervenors have satisfied the requirements for intervening as of right and rejects the government's arguments to the contrary. The government says that denying intervention would not impair the proposed intervenors' ability to protect their interest because, in the event of an adverse ruling, they could seek relief directly with the IRS, either through a "prepayment review" or by paying the tax and then suing for a refund. That argument is not persuasive for two reasons. First, the government does not explain how the agency could simply disregard an adverse decision in this case, particularly if that ruling were upheld on appeal. Even if the decision did not have preclusive effect, it would at the very least be persuasive authority that a minster would have to convince the IRS not to follow. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009) ("[C]oncern with the stare decisis effect of a decision can be a ground for intervention."); *See also* 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.03[3][b] (3d ed. 2016) (proposed intervenor does not have to show that it would be bound by decision; "a

3

negative stare decisis effect and other types of impairment will satisfy the rule as well"). Second, the alternatives the government suggests would impose their own costs and burdens, particularly if the ministers were to pay the tax and sue for a refund. *Flying J*, 578 F.3d at 573 (proposed intervenor's interest may be impaired if alternative means of enforcing right "would impose substantial inconvenience on the [intervenor] with no offsetting gain").

As to whether the government can adequately represent the proposed intervenors, the parties debate whether the government is entitled to a presumption of adequacy. The court need not resolve that dispute because the proposed intervenors have overcome whatever presumption the government should receive.

The government relies on *Wisconsin Education Association Council v. Walker*, 705 F.3d 640, 658-59 (7th Cir. 2013), in which the court upheld the denial of a motion to intervene, stating that "the Employees [the proposed intervenors] and the state [the defendant] share[d] the same goal: protecting [a law] against the [plaintiffs'] constitutional challenge." As the government points out, the same is true in this case: both the government and the proposed intervenors want the court to uphold § 107(2). However, the court of appeals went on to say that the proposed intervenors "identif[ied] no conflict rendering the state's representation inadequate. Instead, [they relied] largely on post hoc quibbles with the state's litigation strategy." *Id.* In this case, the proposed intervenors have pointed to more than just quibbles with strategy. As described above, they wish to raise issues of both fact and law regarding how § 107(2) and plaintiffs' challenge to it affects the interests of ministers. The government does not deny that it has no intention of raising those issues in this case. *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 985-86 (7th Cir. 2011) ("[I]ntervention [is allowed] as a matter of right when an original party does not advance a ground that if

upheld by the court would confer a tangible benefit on an intervenor who wants to litigate that ground."). *See also* 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.03[4][a] (3d ed. 2016) (government's representation "frequently" not adequate "when one group of citizens sues the government, challenging the validity of laws or regulations, and the citizens who benefit from those laws or regulations wish to intervene and assert their own, particular interests rather than the general, public good").

The government also relies on *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011). At first look, that case looks like it is on all fours with this one. After all, it involved the same challenge to § 107(2) and the question before the court of appeals was whether ministers who could lose their tax exemption should be permitted to intervene as of right under Rule 24(a)(2). The court focused solely on the question whether the government was an adequate representative of the ministers and the court concluded that it was. *Geithner*, 644 F.3d at 842.[2]

A closer look at *Geithner* shows that it is distinguishable for the same reasons as *Walker*. In *Geithner*, the ministers did not identify *any* issues that they wished to raise that the government was not already raising. Because the proposed intervenors in this case have identified multiple issues of both fact and law that will not be argued if their motion is denied, *Geithner* is not instructive.

Finally, the government says that the proposed intervenors can protect their interest simply by filing an amicus brief in this case. This might be persuasive if the proposed intervenors simply wanted to make legal arguments, but, again, the proposed intervenors

---

[2] After *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011), was remanded to the district court, the parties agreed without explanation to dismiss the case without prejudice. Case no. 2:09-cv-02894-WBS-DAD, Dkt. 87 (E.D. Cal. June 17, 2011).

want an opportunity to develop the record with facts showing how the tax exemption they receive works in practice. Because amici have no right to submit evidence to the court, a brief would not be adequate.

In sum, the court concludes that the proposed intervenors have satisfied each of the requirements for intervening as of right under Rule 24(a)(2). No other group of people has the potential to be more significantly affected by this case than ministers such as the proposed intervenors and those they represent. In light of that substantial interest, the unique perspective that the proposed intervenors could provide and the absence of any showing of prejudice to the other parties, the court sees no reason to deny the request to intervene.

## ORDER

IT IS ORDERED that the motion to intervene filed by Bishop Edward Peecher, Chicago Embassy Church, Father Patrick Malone, Holy Cross Anglican Church, and the Diocese of Chicago and Mid-America of the Russian Orthodox Church Outside of Russia, Dkt. 21, is GRANTED.

Entered January 19, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge