## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ANNIE LAURIE GAYLOR; DAN
BARKER; IAN GAYLOR, Personal Rep-
resentative of the estate of ANNE
NICOL GAYLOR; and FREEDOM
FROM RELIGION FOUNDATION,
INC.,

     *Plaintiffs*,

    v.

JACOB LEW, Secretary of the United
States Department of Treasury; JOHN
KOSKINEN, Commissioner of the In-
ternal Revenue Service; and the
UNITED STATES OF AMERICA,

     *Defendants*,

and

EDWARD PEECHER; CHICAGO
EMBASSY CHURCH; PATRICK
MALONE; HOLY CROSS ANGLICAN
CHURCH; and the DIOCESE OF
CHICAGO AND MID-AMERICA OF
THE RUSSIAN ORTHODOX CHURCH
OUTSIDE OF RUSSIA,

     *Intervenor-Defendants*.

Case No. 16-CV-215

---

### INTERVENOR-DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, In-
tervenor-Defendants request that within thirty (30) days after service, or at such
other time as ordered by the Court, the Defendants answer the following interroga-
tories fully and separately, in writing and under oath, and produce the documents

**Exhibit**

2

described below for inspection and copying at the offices of the Becket Fund for Religious Liberty, 1200 New Hampshire Ave., N.W., Suite 700, Washington, D.C., 20036, or as the parties may otherwise agree. These interrogatories and requests for production are continuing in nature and impose upon Defendants the obligations set forth in Fed. R. Civ. P. 26(e).

## DEFINITIONS

1.      As used herein, the term "Defendants" refers to Jacob Lew, Secretary of the United States Department of Treasury, or any of his predecessors or successors in office; John Koskinen, Commissioner of the Internal Revenue Service, or any of his predecessors or successors in office; the United States of America; the Internal Revenue Service; and any of their agents, employees, representatives, or attorneys.

2.      As used herein, the term "Plaintiffs" means Annie Laurie Gaylor; Dan Barker; Ian Gaylor, Personal Representative of the estate of Anne Nicol Gaylor; and Freedom From Religion Foundation, Inc.

3.      As used herein, the term "FFRF" means Freedom from Religion Foundation, Inc., and its agents, employees, representatives, and attorneys.

4.      As used herein, the term "IRS" means the Internal Revenue Service of the United States of America and all its agents, employees, representatives, or attorneys.

5.      As used herein, the term "you" or "your" includes the persons to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

6.     As used herein, the term "person" shall mean and include any natural person, trust, association, joint venture, partnership or corporation, or any kind of business or legal entity and its agents, employees, representatives, or attorneys.

7.     As used herein, the term "relate" or "relating" shall mean concerning, evidencing, contains, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, pertains, pertaining, proves, evidences, shows, refutes, disputes, rebuts, controverts, contradicts, reflecting, incorporating, effecting, refers to, including or otherwise pertaining, either directly or indirectly, or being in any way logically or factually connected with, the subject matter of the inquiry or request.

8.     As used herein, the term "communication" shall mean the transmission, sending and/or receipt of information of any kind by and/or through any means, including, but not limited to speech, writings, language (computer, foreign or otherwise), computer electronics of any kind (including, but not limited to "e-mail"), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic and/or optical disks, "floppy disks," compact discs, CD-ROM discs, sound, radio and/or video signals, telecommunication, telephone, facsimile, telegram, microfilm, microfiche, photographic film of all type and/or other media of any kind.  The term "communication" also includes, without limitation, all "documents" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity or trade releases.

9.     As used herein, the term "document" is intended to be interpreted in the

broadest possible sense and includes, but is not limited to, all "communications" (as defined above) which are stored or retrievable or recorded in any manner, and also includes, without limitation, any writing or other record of information or images, including, but not limited to print, handwriting, photographs, film, recordings, memoranda, notes, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mail, compact discs, CD-ROM discs, magnetic tape, videotape, magnetic and/or optical disks, "floppy disks," telegrams, mailgrams, correspondence, notes and minutes of meeting, conversations and/or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records (as hereafter defined), desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punch cards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates and securities.  The term "document" includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, not in your possession, custody or control, or in the possession, custody or control of your agents, employees, servants, representatives, counsel and/or other persons acting or purporting to act on your behalf.  The term "document" includes all documents whether or

not used and/or relied upon in formulating any opinions, advice, proposals, sugges-

tions, solutions, or recommendations.

## INSTRUCTIONS

1.      In responding to these inquiries and requests, you are required to fur-

nish all information and/or documents that are available to you or reasonably avail-

able to you upon request including information and/or documents in the possession

of your attorneys, accountants, advisors, or other persons directly or indirectly em-

ployed by, or connected with you or your attorneys, and anyone else otherwise subject

to your control.

2.      In responding to these inquiries and requests, you must make a diligent

search of your records and all other papers and materials in your possession or avail-

able to you or your representatives.

3.      In responding to these inquiries and requests, you are to furnish all in-

formation within your control as well as within your possession. If information and/or

documents are not within your possession but are within your control, in the same

sense that it is had by a person with whom you have a business and/or contractual

relationship, or any other person with whom you normally deal, and such person

would have no difficulty obtaining such information, then you are required to make

reasonable efforts to obtain the information and/or documents and include it with

your responses.

4.      If an individual inquiry or request has subparts, respond to each part

separately and in full, and do not limit your response to the request as a whole.  If

any individual inquiry or request cannot be responded to in full, respond to the extent possible.

5.     If you state any objection to any interrogatory or request for production, state whether any information or documents are being withheld pursuant to that objection.

6.     If you withhold any response (or portion of a full response) to any inquiry or request on the basis of a privilege, identify the privilege claimed (including reference to the statute, rule, or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

    a.    the name and title or position of the author and/or sender of the document;

    b.    the name and title or position of each and every person to whom the document was sent;

    c.    the date of the document;

    d.    a brief description of the subject matter and length of the document and/or each attachment, appendix and exhibit thereto;

    e.    the name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted; and

    f.    the name and title or position of each person on whose behalf the privilege is asserted.

7.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary

definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiries and request herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders; and (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**Interrogatory No. 1:** Describe in detail any and all policies, written or otherwise, of Defendants relating to the application of the income exclusion in 26 U.S.C. § 107 and the discussions, meetings, research, analysis, thought processes, and specific circumstances that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those policies. Your answer should also include the name, position, and address and telephone number (or last known contact information) of each individual involved in developing those policies.

**Request for Production No. 1:** With regard to your answer to Interrogatory No. 1, please produce any and all documents that support your answer, including all documents and policies of Defendants that guide or inform the application of the income exclusion in 26 U.S.C. § 107 and all communications, including the discussions, meetings, research, analysis, thought processes, and specific circumstances, that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those documents or policies.

**Interrogatory No. 2:** Describe in detail any and all policies, written or otherwise, of Defendants relating to the application of the income exclusion in 26 U.S.C. § 107 to atheists, agnostics, or other nontheists, and the discussions, meetings, research, analysis, thought processes, and specific circumstances that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those policies. Your answer should also include the name, position, and address and telephone number (or last known contact information) of each individual involved in developing those policies.

**Request for Production No. 2:** With regard to your answer to Interrogatory No. 2, please produce any and all documents that support your answer, including all documents and policies of Defendants that guide or inform the application of the income exclusion in 26 U.S.C. § 107 to atheists, agnostics, or other nontheists, and all communications, including the discussions, meetings, research, analysis, thought processes, and specific circumstances, that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those documents or policies.

**Interrogatory No. 3:** Describe in detail any and all changes since January 1, 2009 that have been made to the policies described in Interrogatories No. 1 and No. 2, and the discussions, meetings, research, analysis, thought processes, and specific circumstances that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those changes. Your answer should also include the name, position, and address and telephone number (or last known contact information) of each individual involved in developing those policies.

**Request for Production No. 3:** With regard to your answer to Interrogatory No. 3, please produce any and all documents that support your answer, including all documents relating to any and all changes since January 1, 2009, that were made to the policies described in Interrogatories No. 2 and No. 3, and all communications, including the discussions, meetings, research, analysis, thought processes, and specific circumstances that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those changes.

**Interrogatory No. 4:** Identify each tax year since January 1, 2009, for which Annie Laurie Gaylor, Dan Barker, Anne Nicol Gaylor, or any other employee of Freedom from Religion Foundation, Inc., filed a tax return or amended tax return in which he or she excluded or deducted income pursuant to 26 U.S.C. § 107, 26 U.S.C. § 119(a)(2), or any other provision that allows taxpayers to exclude or deduct the value of employer-provided housing or housing allowances.

**Interrogatory No. 5:** For each tax return identified in Interrogatory No. 4:

    a. Describe in detail the actions that the IRS took with respect to that return, including but not limited to whether the IRS permitted the filer to exclude or deduct income pursuant to 26 U.S.C. § 107, 26 U.S.C. § 119(a)(2), or any other provision that allows taxpayers to exclude or deduct the value of employer-provided housing or housing allowances;

    b. Describe in detail any discussions, meetings, research, analysis, thought processes, and specific circumstances that prompted, informed, or in any way influenced the decision of whether to permit the exclusion;

    c. Identify any employees or other agents of Defendants who were involved in the decision of whether to permit the exclusion, or who participated in discussions, meetings, research, or analysis regarding the decision; and

    d. Describe in detail any and all communications that Defendants or any of their officers or agents had with the filer regarding the claimed exclusion.

**Request for Production No. 4:** With regard to your answer to Interrogatories No. 4 and No. 5, please produce any and all documents that support your answer, including all documents relating to tax returns from any tax year since January 1, 2009, in which Annie Laurie Gaylor, Dan Barker, Anne Nicol Gaylor, or any other employee of Freedom from Religion Foundation, Inc., excluded or deducted income pursuant to 26 U.S.C. § 107, 26 U.S.C. § 119(a)(2), or any other provision that allows taxpayers to exclude or deduct the value of employer-provided housing or housing allowances; this request includes:

a. All documents and communications relating to the decision of Defendants to permit or deny the filer to exclude or deduct income pursuant to 26 U.S.C. § 107, 26 U.S.C. § 119(a)(2), or any other provision that allows taxpayers to exclude or deduct the value of employer-provided housing or housing allowances;

b. All documents and communications relating to discussions, meetings, research, analysis, thought processes, and specific circumstances that prompted, informed, or in any way influenced the decision of whether to permit the exclusion;

c. All communications that Defendants had with the filer regarding the claimed exclusion.

**Request for Production No. 5:** Produce all communications since January 1, 2009, between you and Plaintiffs regarding 26 U.S.C. § 107, 26 U.S.C. § 119(a)(2), or any other provision that allows taxpayers to exclude or deduct the value of employer-provided housing or housing allowances, this lawsuit, or Plaintiffs' previous lawsuit, *Freedom From Religion Foundation v. Lew*, Case No. 3:11-cv-626-bbc (W.D. Wis.).

**Interrogatory No. 6:** State the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to 26 U.S.C. § 107 in each of the last 10 years.

**Request for Production No. 6:** Produce all data compilations, reports, or statistical studies reflecting, referring to, or relating to the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to 26 U.S.C. § 107 in each of the last 10 years.

**Interrogatory No. 7:** Describe in detail any and all policies, written or otherwise, of Defendants relating to the application of the income exclusion for lodging furnished for the convenience of the employer pursuant to 26 U.S.C. § 119(a)(2) and the discussions, meetings, research, analysis, thought processes, and specific circumstances that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those policies. Your answer should also include the name, position, and address and telephone number (or last known contact information) of each individual involved in developing those policies.

**Request for Production No. 7:** With regard to your answer to Interrogatory No. 7, please produce any and all documents that support your answer, including all documents and policies of Defendants that guide or inform the application of the income exclusion in 26 U.S.C. § 119(a)(2) and all communications, including the discussions,

meetings, research, analysis, thought processes, and specific circumstances, that prompted, informed, or in any way influenced you to develop, consider, draft, or adopt those documents or policies.

**Interrogatory No. 8:** State the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to 26 U.S.C. § 119(a)(2) in each of the last 10 years.

**Request for Production No. 8:** Produce all data compilations, reports, or statistical studies reflecting, referring to, or relating to the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to 26 U.S.C. § 119(a)(2) in each of the last 10 years.

**Interrogatory No. 9:** State the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to each of the following statutes in each of the last 10 years: 26 U.S.C. §§ 119(c), 119(d), 132, 162, 911, and 912.

**Request for Production No. 9:** Produce all data compilations, reports, or statistical studies reflecting, referring to, or relating to the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to each of the following statutes in each of the last 10 years: 26 U.S.C. §§ 119(c), 119(d), 132, 162, 911, and 912.

**Interrogatory No. 10:** Identify the provisions other than 26 U.S.C. §§ 107, 119, 132, 162, 911, 912, and the Treasury Regulations implementing them that allow taxpayers to exclude or deduct the value of employer-provided housing or housing allowances.

**Request for Production No. 10:** With regard to your answer to Interrogatory No. 10, please produce any and all documents that support your answer.

**Interrogatory No. 11:** Provide the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to the provisions identified in response to Interrogatory No. 10 in each of the last 10 years.

**Request for Production No. 11:** Produce all data compilations, reports, or statistical studies reflecting, referring to, or relating to the total dollar value of income tax exclusions or deductions claimed by all taxpayers (not limited to the parties to this lawsuit) pursuant to the provisions identified in response to Interrogatory No. 10 in each of the last 10 years.

11

Dated: January 31, 2017   Respectfully submitted,


         /s/ Hannah C. Smith   
         Hannah C. Smith
         Luke W. Goodrich
         Daniel D. Benson*
         The Becket Fund for Religious Liberty
         1200 New Hampshire Ave. NW, Suite 700
         Washington, DC 20036
         Email: hsmith@becketfund.org
         Telephone: (202) 955-0095
         Facsimile: (202) 955-0090

         *Counsel for Intervenor-Defendants*

         ***Admitted in Utah and the Western District of Wisconsin, but not in D.C. Supervised by Ms. Smith and Mr. Goodrich, members of the D.C. Bar.***

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Intervenor-Defendants' First Set of Interrogatories and Requests for Production to All Defendants upon counsel for Defendants and counsel for Plaintiffs by first-class and electronic mail addressed as follows:

**Richard Gerald Rose**
U.S. Department of Justice, Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044
Email: richard.g.rose@usdoj.gov

**Erin Healy Gallagher**
U.S. Department of Justice, Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044
Email: erin.healygallagher@usdoj.gov

**Richard Davis Humphrey**
U.S. Attorney's Office
222 W. Washington Ave.
Suite 700
Madison, WI 53703
Email: richard.humphrey@usdoj.gov

*Counsel for Defendants*

**Richard L. Bolton**
Boardman & Clark LLP
1 South Pinckney Street, 4th Floor
P.O. Box 927
Madison, WI 53701-0927
Email: rbolton@boardmanclark.com

*Counsel for Plaintiffs*

Dated: January 31, 2017

/s/ Hannah C. Smith\
Hannah C. Smith\
Luke W. Goodrich\
Daniel D. Benson\
The Becket Fund for Religious Liberty\
1200 New Hampshire Ave. NW, Suite 700\
Washington, DC 20036\
Email: hsmith@becketfund.org\
Telephone: (202) 955-0095\
Facsimile: (202) 955-0090

*Counsel for Intervenor-Defendants*