UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ANNIE LAURIE GAYLOR; DAN BARKER; IAN GAYLOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNE NICOL GAYLOR; and FREEDOM FROM RELIGION FOUNDATION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-00215 |
| JACOB LEW, Secretary of the United States Department of Treasury; JOHN KOSKINEN, Commissioner of the Internal Revenue Service; and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| EDWARD PEECHER; CHICAGO EMBASSY CHURCH; PATRICK MALONE; HOLY CROSS ANGLICAN CHURCH; and THE DIOCESE OF CHICAGO AND MID-AMERICA OF THE RUSSIAN ORTHODOX CHURCH OUTSIDE OF RUSSIA, | ) ) ) ) ) ) ) ) | |
| Intervenor-Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT UNITED STATES'
EXPEDITED MOTION FOR PROTECTIVE ORDER**

Despite characterizing their original Rule 30(b)(6) deposition notice as a "routine request" (Doc. 39 at 1) that was "already reasonable" (Doc. 38-3 at 1), the intervenors do not even attempt to defend the mammoth scope of that notice as being substantially justified and not unduly burdensome.  They cite no case in which any court has ever permitted a Rule 30(b)(6) deposition even remotely comparable to one spanning 60 years (or even six years) of government

policies, discussions, meetings, and "thought processes," concerning seven or eight different statutory provisions, and requiring interviews of thousands of current and former government employees to prepare a designated witness to testify.  Nor do they deny that they originally targeted for discovery thoughts and communications protected by the attorney-client and deliberative-process privileges.  Nor do they identify any exception in 26 U.S.C. § 6103 that would permit a federal employee to testify about the return information of non-party employees of plaintiff Freedom from Religion Foundation.[1]  Nor do they offer any arguments or authorities supporting the reasonableness of their demand that such an unusual deposition occur within a mere 22 days.  *See* Fed. R. Civ. P. 26(g) (requiring certification, after reasonable inquiry, that discovery request is neither unreasonable nor unduly burdensome, and providing for sanctions).[2]

Instead, the intervenors first complain about the United States raising "numerous and shifting objections" to the deposition.  (Doc. 39 at 3.)  But it was the sheer number of problems with the notice that they drafted (as outlined in our opening brief) that necessitated those numerous objections.  And the objections did not "shift" so much as the intervenors' piecemeal approach of addressing one flaw at a time failed to remedy the notice's remaining problems of overbreadth and undue burden.  Given the intervenors' insistence on maintaining the looming date of February 23 for the deposition, the United States had no choice but to discontinue those fragmented negotiations and file an expedited motion for a protective order.

---

[1] Even if the exception in 26 U.S.C. § 6103(h)(4)(B) were applicable, it would only permit disclosure of the non-party employees' tax returns.  It would not permit testimony about their "return information."  *See In re United States*, 817 F.3d 953, 961-62 (6th Cir. 2016).

[2] Contrary to the intervenors' claim (Doc. 39 at 12 n.1), Fed. R. Civ. P. 26(c)(3) and 37(a)(5) do not require a separate motion or brief requesting an award of expenses, but only an opportunity for the opposing party to be heard.  The Government expected that, if the Court granted its motion, the Court could then issue an order for the intervenors to show cause why the Court should not award expenses.  The parties could brief the matter at that point.

2

Next, rather than attempting to defend the original notice, the intervenors continue to "bargain down" from that request by proposing a new set of matters for examination. (Doc. 39 at 2-3.) At this late stage, however, a deposition on these topics would still be oppressive. Because February 20 is a federal holiday, the Government would have at most only *two business days* to prepare a designated witness to testify on this latest iteration of topics. The intervenors chide the United States for not agreeing to just "provide a witness" for the deposition. (Doc. 39 at 2, 4.) But that is a gross oversimplification of the task at hand. The burden is not just in selecting and securing the appearance of an appropriate witness. The much larger burden is gathering the necessary information and documents (about which the witness may have little or no personal knowledge), reviewing those materials with the witness, and ensuring that the witness has sufficient familiarity with them to testify about them from memory under oath on behalf of a government agency. That burden is excessive here because the volume of material for the IRS to search and select, and for the witness to digest – both in a matter of days – is still far too great to permit a normal person to give accurate, complete, and binding testimony.

For example, by IRS "policies," the intervenors seem to mean its "interpretation and application" (Doc. 39 at 3) of the numerous tax statutes cited in the revised topics. The IRS interprets and applies the Internal Revenue Code in part by issuing various forms of public guidance, including but not limited to Treasury Regulations, revenue rulings, revenue procedures, notices, chief counsel advice memoranda, technical advice memoranda, and private letter rulings. *See* 26 U.S.C. §§ 6110, 7805. The amount of guidance concerning a given Code section can be large. *See* Doc. 38 at 9 (noting results of Westlaw search returning 460 "administrative decisions and guidance" citing 26 U.S.C. § 107 alone). The intervenors do not

explain why they so desperately need to depose the IRS about all of these public documents rather than just reading the materials themselves.

Moreover, those written "policies" are generally effective until withdrawn or superseded, so the intervenors' offer to limit the deposition to "current" policies (Doc. 39 at 2-3) is illusory. Guidance issued as long as 60 years ago could still be in effect today and thus "current." The intervenors ignore that fact and instead ridicule the United States' description of its burdens as "fanciful." (Doc. 39 at 9.) But there is nothing imaginary or whimsical about the arduous process of preparing a witness to testify on behalf of the United States of America – especially for this broad of a deposition. This is a serious matter.

The IRS also applies the Code through the positions it takes in litigation. Thus, the intervenors' request for testimony about "policies" could encompass an indeterminate number of briefs that IRS attorneys have filed in any number of cases. *See* Doc. 38 at 9 (noting results of Westlaw search returning 422 cases citing 26 U.S.C. § 107 alone). The intervenors may or may not consider legal briefs to be "policies," but that itself is part of the problem. The United States can only guess as to what the intervenors may ultimately seek at the deposition because the term "policies" remains far too vague and broad to satisfy the "reasonable particularity" requirement in Fed. R. Civ. P. 30(b)(6). That vagueness and overbreadth continues to prevent the Government from effectively preparing a witness for this deposition.

In addition, the intervenors did not abandon their prior demand for testimony about any unwritten IRS policies, as the revised matters for examination refer to "policies" generally. As previously explained (Doc. 38 at 9), a search for any unrecorded policies would entail contacting and interviewing a large number of current and former personnel to determine whether any such policies exist. That would be true regardless of whether the intervenors have abandoned their

4

definition of "IRS" as including "all of its agents, employees, representatives, and attorneys" (Doc. 38-1 at n.1), which remains unclear because they did not address that subject in their brief.

The intervenors then multiply all of the foregoing burdens by at least six fold[3] when they demand testimony concerning not only 26 U.S.C. § 107 but also §§ 119(a)(2), 119(d), 132, 162, 911, and 912. (Doc. 39 at 3.) That is only one subsection fewer than in the original deposition notice. *See* Doc. 38-1 at 2 (including § 119(c)). Similarly, they shave a couple years off of the periods in Matters Two and Four. (*Compare* Doc. 39 at 3 *with* Doc. 38-1 at 2.) But that sort of tinkering at the margins, while failing to recognize or address the undue burdens created by the intervenors' core demands, is what forced the United States to file this motion in the first place.

The intervenors argue at length (Doc. 39 at 5-7) that the deposition topics meet the low standard for relevance in Fed. R. Civ. P. 26(b). But they completely ignore the additional requirement of "reasonable particularity" in Rule 30(b)(6) and the prohibition on oppression and undue burden in Rule 26(c), which apply even to discovery of relevant matters. Furthermore, they gloss over the fact that the 2015 amendments to Rule 26(b) significantly restricted the scope of discovery to relevant matters that are also "proportional to the needs of the case." In fact, the only post-2015 case that they rely on did not even involve the new proportionality requirement because the party opposing discovery in that case did not contend that it was disproportionate. *Boehm v. Scheels All Sports, Inc.*, 2016 WL 6811559 (W.D. Wis. 2016).

In addition, the intervenors' discussion of proportionality (Doc. 39 at 7-10) omits any reference to the fact that the Court has already determined how much discovery is proportional to the needs of this case (Doc. 38 at 13-14), and the Court made no provision for such an unwieldy,

---

[3] For example, a Westlaw search of 26 U.S.C. § 162 conducted by counsel on February 17, 2017, returned 7,664 cases, 217 regulations, and 9,812 administrative decisions and guidance citing that section.

5

last-minute deposition.  Similarly, the intervenors claim that the deposition is proportional because it may be the "only way" to resolve certain issues in the case.  (Doc. 39 at 7.)  But they then fail to mention the extensive document requests and interrogatories that they also served on the IRS and that overlap with many of the proposed matters for examination.  (Doc. 38-2.)  The intervenors offer no argument as to why those discovery methods would be insufficient.

Finally, the intervenors characterize this deposition request as "particularly critical" (Doc. 39 at 7) but fail to explain why they did not apprise the Government or the Court of this supposedly critical need while they were moving to intervene.  If the Government had known at that time that they planned to take an overly broad Rule 30(b)(6) deposition of the IRS on short notice if the Court admitted them as parties, then the Government would have had a much stronger basis for opposing the intervention on grounds of unfair prejudice.  And the Court may not have accepted the intervenors' facile pledge that their intervention would "not work any prejudice to the existing parties" nor "require any change to the Court's existing scheduling order." (Doc. 22 at 22.)  The United States now asks the Court to prevent that very prejudice by precluding this deposition.

Dated:  February 17, 2017                                     Respectfully submitted,

                                                              DAVID A. HUBBERT
                                                              Acting Assistant Attorney General

                                                              /s/ *Richard G. Rose*
                                                              RICHARD G. ROSE
                                                              District of Columbia Bar Number: 493454
                                                              U.S. Department of Justice, Tax Division
                                                              Post Office Box 7238, Ben Franklin Station
                                                              Washington, D.C.  20044
                                                              Telephone: (202) 616-2032
                                                              Facsimile: (202) 514-6770
                                                              E-mail: richard.g.rose@usdoj.gov

*/s/ Erin Healy Gallagher*
ERIN HEALY GALLAGHER
District of Columbia Bar Number: 985670
U.S. Department of Justice, Tax Division
Post Office Box 7238, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-2452
Facsimile: (202) 514-6770
E-mail: erin.healygallagher@usdoj.gov

*/s/ Gregory E. Van Hoey*
GREGORY E. VAN HOEY
Maryland Bar
U.S. Department of Justice, Tax Division
Post Office Box 7238, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6391
Facsimile: (202) 514-6770
E-mail: gregory.van.hoey@usdoj.gov

JOHN W. VAUDREUIL
United States Attorney

*Attorneys for Defendant*
*United States of America*

## CERTIFICATE OF SERVICE

I certify that, on February 17, 2017, service of the foregoing REPLY BRIEF IN

SUPPORT OF DEFENDANT UNITED STATES' EXPEDITED MOTION FOR PROTECTIVE

ORDER was made by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Gregory E. Van Hoey*
GREGORY E. VAN HOEY

7