IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNIE LAURIE GAYLOR; DAN BARKER;
IAN GAYLOR, personal representative of
the estate of Anne Nicol Gaylor; and
FREEDOM FROM RELIGION FOUNDATION, INC,

            Plaintiffs,

   v.

JACOB LEW, Secretary of the United States
Department of Treasury; JOHN KOSKINEN,
Commissioner of the Internal Revenue Service; and the
UNITED STATES OF AMERICA,

            Defendants,

  and

EDWARD PEECHER; CHICAGO EMBASSY
CHURCH; PATRICK MALONE; HOLY CROSS
ANGLICAN CHURCH; and the DIOCESE OF
CHICAGO AND MID-AMERICA OF THE RUSSIAN
ORTHODOX CHURCH OUTSIDE OF RUSSIA,

        Intervenor-Defendants.

OPINION & ORDER

16-cv-215-bbc[1]

---

Plaintiffs Annie Laurie Gaylor, Dan Barker, Ian Gaylor, and the Freedom from Religion Foundation, Inc. are proceeding on a claim that 26 U.S.C. § 107(2) violates the Establishment Clause because that law allows a "minister of the gospel" to exclude from his taxable income a "rental allowance paid to him as part of his compensation," but the law does not provide the same benefit to similarly situated secular employees. Now before the court is the government's motion for a protective order from a deposition noticed by the intervenors,

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of this case.

which is scheduled for February 23, 2017. Dkt. 38. (The intervenors served the government with requests for written discovery as well, but the government does not seek relief from the court regarding those requests, so the court will not consider them.) For the reasons discussed below, I will grant the motion.

ANALYSIS

Intervenors are asking the government to produce a witness or witnesses under Rule 30(b)(6) of the Federal Rules of Civil Procedure who can testify about the following topics:

1. Current IRS policies concerning application of the income exclusion in 26 U.S.C § 107, including its application to atheists, agnostics, or other nontheists;

2. Any changes since January 1, 2011, concerning application of 26 U.S.C. § 107 to atheists, agnostics, or other nontheists;

3. Current IRS policies concerning application of the income tax exclusions or deductions for the value of employer-provided housing or housing allowances under 26 U.S.C. §§ 119(a)(2), 119(d), 132, 162, 911, and 912; and

4. The IRS's response to any attempt by Plaintiffs to exclude or deduct income pursuant to 26 U.S.C. § 107 in their tax returns, including the reasons for the response and any related communications since January 1, 2011.[2]

Dkt. 39, at 2-3. The government has shown that preparing for a Rule 30(b)(6) deposition on these topics would impose a very substantial burden. And these topics are, at most, marginally relevant to the purposes for which the court granted intervention.

In their motion to intervene, intervenors gave no reason to believe that the government was either unable or unwilling to vigorously defend the constitutionality of 26 U.S.C. § 107(2). In its opposition brief, the government cited multiple cases to support the

---

[2] Intervenors' deposition notice was broader, see Dkt. 38-1, but intervenors narrowed the noticed topics in their opposition brief.

proposition that intervention is generally not necessary when the government and the proposed intervenors both have the common goal of preserving the constitutionality of a statute. *E.g., Wisconsin Education Association Council v. Walker*, 705 F.3d 640, 658-59 (7th Cir. 2013); *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011).

The court granted the motion to intervene, not because it declined to follow these cases, but because it found them to be distinguishable. In particular, the court concluded that the proposed intervenors had identified substantive issues *about their own experiences* that they wished to raise that could be relevant to determining whether § 107(2) has a secular purpose and effect. Because the government did not deny that it had no intention of raising those issues, the court concluded that the government might not adequately represent the proposed intervenors. Dkt. 34, at 4 (government might not adequately represent proposed intervenors because "they wish to raise issues of both fact and law regarding how § 107(2) and plaintiffs' challenge to it affects the interests of ministers").

None of the deposition topics proposed by intervenors relates to the issues that the court anticipated they would raise. Rather, *all* of the proposed topics relate to the government's own policies and practices. Intervenors identify no legitimate reason why the government is not in the best position to provide that information to the court. Particularly because the deadline for filing dispositive motions is less than a month away and the government has not objected to providing written discovery to intervenors, the court concludes that allowing the deposition would be unduly burdensome and the government is entitled to a protective order. The bottom line is that the discovery sought is clearly out of proportion to the needs of the case.

ORDER

IT IS ORDERED that the motion for a protective order filed by defendants United States of America, Jacob Lew, and John Koskinen, Dkt. 37, is GRANTED.

Entered February 21, 2017.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge