UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ANNIE LAURIE GAYLOR; DAN BARKER; IAN GAYLOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNE NICOL GAYLOR; and FREEDOM FROM RELIGION FOUNDATION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 3:16-cv-00215 |
| JACOB LEW, Secretary of the United States Department of Treasury; JOHN KOSKINEN, Commissioner of the Internal Revenue Service; and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) | |
| EDWARD PEECHER; CHICAGO EMBASSY CHURCH; PATRICK MALONE; HOLY CROSS ANGLICAN CHURCH; and THE DIOCESE OF CHICAGO AND MID-AMERICA OF THE RUSSIAN ORTHODOX CHURCH OUTSIDE OF RUSSIA, | ) ) ) ) ) ) ) ) | |
| Intervenor-Defendants. | ) ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACT IN OPPOSITION TO SUMMARY JUDGMENT MOTIONS BY DEFENDANTS AND INTERVENOR-DEFENDANTS**

1.     The Plaintiff, Dan Barker, is a federal taxpayer who objects to the allowance of

preferential and discriminatory tax benefits under § 107 of the Internal Revenue Code ("IRC"),

including income tax exemptions for cash housing allowances paid as part of compensation to

ministers of the gospel. (Barker Decl., ¶2.)

**RESPONSE:  No dispute as to Barker's belief, but deny that the IRS allows "preferential and discriminatory tax benefits under § 107 of the Internal Revenue Code ("IRC")."**

2.      The Plaintiff, Annie Laurie Gaylor, is Barker's wife, and they are the co-Presidents of The Freedom from Religion Foundation ("FFRF"). Barker is also the son-in-law of Anne Nicol Gaylor, deceased in 2015, whose estate is also a Plaintiff in this matter. (Barker Decl., ¶3.)

**RESPONSE:  No dispute.**

3.      Ms. Gaylor and Barker have each received a designated housing allowance from their employer, FFRF, designated by the FFRF Executive Council, FFRF's governing body, for each and every year since 2011. Anne Gaylor also received designated housing allowances during her lifetime, including for tax year 2013. (Barker Decl., ¶4.)

**RESPONSE:  No dispute.**

4.      The FFRF Executive Council first designated housing allowances for Ms. Gaylor and Barker in August of 2011. The Executive Council designated the amount of $4,500 from each of our salaries yet to be paid in 2011. (Barker Decl., ¶5.)

**RESPONSE:  No dispute.**

5.      In addition, FFRF designated the amount of $13,200 from each of the salaries of Ms. Gaylor and Barker to be paid in 2012 as a housing allowance. The designated housing allowances were established for each month at $1,100. (Barker Decl., ¶6.)

**RESPONSE:  No dispute.**

6.      On October 12, 2012, the FFRF Executive Council renewed its prior housing allowance resolution, designating the amount of $15,000 to be paid in 2013 as a designated housing allowance. (Barker Decl., ¶7.)

**RESPONSE:  No dispute.**

7.      Additional annual housing allowances have been designated for each of the tax years 2014-2017. (Barker Decl., ¶8.)

**RESPONSE:  No dispute.**

8.      The housing allowances designated by FFRF for Ms. Gaylor and Barker have been intended to approximate their actual housing expenses for each year. (Barker Decl., ¶9.)

**RESPONSE:  No dispute.**

9.      For example, the housing expenses for Ms. Gaylor and Barker for 2012 totaled approximately $26,072, including $14,522 as mortgage payments and $7,767 as property taxes. (Barker Decl., ¶10.)

**RESPONSE:  No dispute.**

10.     Housing expenses for Ms. Gaylor and Barker for 2011 totaled approximately $26,136, including $14,552 as mortgage payments and $7,444 as property taxes. (Barker Decl., ¶11.)

**RESPONSE:  No dispute.**

11.     Barker has long considered the exemption allowed only to ministers to be discriminatory and unfair. (Barker Decl., ¶12.)

**RESPONSE:  No dispute as to Barker's belief, but deny that 26 U.S.C. § 107(2) is "discriminatory and unfair."**

12.     In 2011, therefore, he joined in a lawsuit with Annie Laurie Gaylor and Anne Nicol Gaylor, challenging the preference allowed under Internal Revenue Code for cash housing allowances provided to ministers of the gospel, or other religious clergy, contending that this discriminatory and unfair preference violated the Establishment Clause of the United States Constitution. (Barker Decl., ¶13.)

**RESPONSE:  No dispute, but deny that 26 U.S.C. § 107(2) is a "discriminatory and unfair preference" that violates "the Establishment Clause of the United States Constitution."**

13.     This court subsequently held that § 107(2) of the Internal Revenue Code is indeed unconstitutional, but the Seventh Circuit Court of Appeals reversed that decision on the basis of standing considerations. The Court of Appeals concluded that the Plaintiffs needed to actually be denied exemption for their housing allowances under § 107(2), in order to have standing. (Barker Decl., ¶14.)

**RESPONSE:  No dispute.**

14.     Ms. Gaylor and Barker, accordingly, filed an amended U.S. Individual Income Tax Return for tax year 2013. This amended tax return was mailed to the Internal Revenue Service in January of 2015. The amended return claimed the designated housing allowances for Ms. Gaylor and Barker as exclusions from income and they sought a partial refund of taxes paid. (Barker Decl., ¶15 and Ex. 1.)

**RESPONSE:  No dispute.**

15.     On March 2, 2015, the IRS actually allowed their refund in the amount of $7,220. (Barker Decl., ¶16 and Ex. 2.)

**RESPONSE:  No dispute, but the refund referenced in paragraph 15 was issued erroneously.**

16.     Ms. Gaylor and Barker then filed an amended income tax return for tax year 2012. This amended return was sent to the IRS on or about March 15, 2015. (Barker Decl., ¶17 and Ex. 3.)

**RESPONSE:  No dispute.**

17.     The IRS subsequently disallowed this claim for a housing allowance exemption, by letter dated July 16, 2015. (Barker Decl., ¶18 and Ex. 4.)

**RESPONSE:  No dispute.**

18.     Ms. Gaylor and Barker then responded to the IRS on July 21, 2015, citing § 107(2) of the Internal Revenue Code as the basis for their claim. (Barker Decl., ¶19.)

**RESPONSE:  No dispute.**

19.     Ms. Gaylor and Barker thereafter received communications from the IRS on August 20, 2015, November 25, 2015, and January 12, 2016, indicating that the IRS was still working on their request to be allowed a housing allowance. (Barker Decl., ¶20 and Ex. 5.)

**RESPONSE:  No dispute.**

20.     Having no substantive response to their July 21, 2015 letter, Ms. Gaylor and Barker, as well as the Estate of Anne Gaylor, commenced the present action in April of 2016. (Barker Decl., ¶21.)

**RESPONSE:  No dispute that "Ms. Gaylor and Barker, as well as the Estate of Anne Gaylor, commenced the present action in April of 2016."**

21.     Finally, on June 27, 2016, the IRS communicated to Plaintiffs its denial of their refund request for tax year 2012, on the basis that Ms. Gaylor and Barker do not qualify as ministers of the gospel. The IRS stated in its letter as follows:

> My review of the information previously submitted by you indicates your claim should be denied. Your claim appears to be based on a portion of your wages being deemed to be a housing allowance. Your letter dated 07/14/2015 states that you are aware that a housing allowance is excludable from income if you are a minister of the gospel and also avows that neither of you are ministers of the gospel. It goes on to state that this is unfair and discriminatory. It appears that your concerns are misdirected. Congress writes tax laws and it is the job of the Internal Revenue Service to implement them. In other words, Congress set the rules and the IRS has to explain how those rules are applied in different situations. IRC Section 107 specifically requires that to exclude a housing allowance from income you must

> be a minister of the gospel. The IRS does not have the
> authority to interpret this to include anyone other than those
> who meet this definition.

(Barker Decl., ¶22 and Ex. 6.)

**RESPONSE:  No dispute.**

22.     In the meantime, since its letter of June 27, 2016, the IRS has never advised the Plaintiffs

that it has changed its position with regard to Plaintiffs' qualification for a cash housing

allowance exemption, including throughout the present proceedings. (Barker Decl., ¶23.)

**RESPONSE:  No dispute.**

23.     Barker is aware, nonetheless, that the Intervenors contend that Ms. Gaylor and Barker

lack standing to seek prospective relief because it is allegedly speculative whether they will be

denied subsequent exemption requests for their housing allowances. (Barker Decl., ¶24.)

**RESPONSE:  No dispute.**

24.     Contrary to the Intervenors' claims, the IRS's most recent communication with Ms.

Gaylor and Barker, dated June 27, 2016, clearly implies that they will be denied subsequent

refund requests, including for housing allowances that have been designated for tax years 2014,

2015, 2016, and 2017. (Barker Decl., ¶25.)

**RESPONSE:  No dispute as to the authenticity and content of Exhibit 6 to the Barker**

**Declaration.**

25.     Ms. Gaylor and Barker have been awaiting the outcome of the present litigation before

filing any further amended returns, but it has always been their intent to seek equal treatment for

tax years subsequent to 2012 and 2013, which is a purpose of this suit. (Barker Decl., ¶26.)

**RESPONSE:  No dispute as to Ms. Gaylor's and Barker's intent, but deny that Ms. Gaylor**

**and Barker have been denied "equal treatment" with respect to 26 U.S.C. § 107(2).**

6

26.    Accordingly, Ms. Gaylor and Barker have now filed amended returns for 2014 and 2015, in which they seek a refund of income taxes previously paid on their designated housing allowances for those years. They also intend to seek exemption for their housing allowances for 2016 and all future years for which they receive a designated housing allowance. (Barker Decl., ¶27 and Exs. 7 and 8.)

**RESPONSE:  No dispute.**

27.    In addition, Anne Gaylor filed an amended tax return for tax year 2013, before her death in 2015, in which she also sought a refund of taxes paid on her designated housing allowance. (Barker Decl., ¶28 and Ex. 9.)

**RESPONSE:  No dispute.**

28.    On or about April 13, 2015, Ms. Gaylor received a letter from the IRS indicating that her amended return, received on March 4, 2015, was being sent to the Ogden Customer Service Center to process. (Barker Decl., ¶29 and Ex. 10.)

**RESPONSE:  No dispute.**

29.    The IRS, however, apparently has never taken any action on Anne Gaylor's refund request. Ms. Gaylor died on June 14, 2015. (Barker Decl., ¶30.)

**RESPONSE:  No dispute that the IRS has not taken action on the claim for refund sought by Anne Nicol Gaylor for tax year 2013.  No dispute as to the second sentence of paragraph 29.**

30.    As co-Presidents of FFRF, Ms. Gaylor and Barker have extensive responsibilities, including responsibilities that require them as a practical matter to live in close proximity to the offices of FFRF. Ms. Gaylor and Barker, in fact, live within walking distance of FFRF's offices, and they respond to any emergencies that may arise, including fire alarm activation, or other

situations requiring immediate attention, and they meet with FFRF members who visit the building on the weekend, etc. (Barker Decl., ¶31.)

**RESPONSE:  No dispute.**

31.     Ms. Gaylor and Barker also work extensively on FFRF matters while at home. (Barker Decl., ¶32.)

**RESPONSE:  No dispute.**

32.     Barker cannot help but recognize the unfairness that religious clergy are allowed to exempt designated housing allowances, while Ms. Gaylor and Barker, co-Presidents of the nation's largest free-thought organization, are denied similar treatment of their housing allowances. The unfairness is brought home to Barker by the Intervenors' argument that "they need the money." (Barker Decl., ¶33.)

**RESPONSE:  Dispute that 26 U.S.C. § 107(2), and the manner in which it is administered, is "unfair."**

33.     The Intervenors contend that the exemption of their housing allowances are necessary and desirable in order to effectively increase their compensation, which allows them to  provide more religious services. The same reasoning of "need," however, applies as well to Ms. Gaylor and Barker, and their employer, FFRF. Exempting the designated housing allowances for Ms. Gaylor and Barker would have a positive financial effect on them, thereby increasing their ability to engage in the activities to which FFRF is committed. (Barker Decl., ¶34.)

**RESPONSE:  Dispute the characterization of the Intervenors' contention(s) and whether the same reasoning applies to Ms. Gaylor and Barker, and their employer, FFRF.**

Dated: April 24, 2017                              Respectfully submitted,

                                                   DAVID A. HUBBERT
                                                   Acting Assistant Attorney General

                                                   /s/ Erin Healy Gallagher
                                                   _____
                                                   ERIN HEALY GALLAGHER
                                                   District of Columbia Bar Number: 985670
                                                   U.S. Department of Justice, Tax Division
                                                   Post Office Box 7238, Ben Franklin Station
                                                   Washington, D.C.  20044
                                                   Telephone: (202) 353-2452
                                                   Facsimile: (202) 514-6770
                                                   E-mail: erin.healygallagher@usdoj.gov

                                                   /s/ *Richard G. Rose*
                                                   _____
                                                   RICHARD G. ROSE
                                                   District of Columbia Bar Number: 493454
                                                   U.S. Department of Justice
                                                   Tax Division
                                                   Post Office Box 7238
                                                   Ben Franklin Station
                                                   Washington, D.C.  20044
                                                   Telephone: (202) 616-2032
                                                   Facsimile: (202) 514-6770
                                                   E-mail: richard.g.rose@usdoj.gov

                                                   JEFFREY M. ANDERSON
                                                   Acting United States Attorney

9

## CERTIFICATE OF SERVICE

I certify that, on April 24, 2017, service of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACT IN OPPOSITION TO SUMMARY JUDGMENT MOTIONS BY DEFENDANTS AND INTERVENOR-DEFENDANTS was made upon all parties by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Richard G. Rose*
RICHARD G. ROSE