IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANNIE LAURIE GAYLOR; DAN BARKER;
IAN GAYLOR, personal representative of
the estate of Anne Nicol Gaylor; and
FREEDOM FROM RELIGION FOUNDATION, INC.,

                                        ORDER

           Plaintiffs,

                                        16-cv-215-bbc

    v.

STEVEN MNUCHIN, Secretary of the United States
Department of Treasury; JOHN KOSKINEN,
Commissioner of the Internal Revenue Service;
and the UNITED STATES OF AMERICA,

           Defendants,[1]

    and

EDWARD PEECHER; CHICAGO EMBASSY CHURCH;
PATRICK MALONE; HOLY CROSS ANGLICAN CHURCH;
and the DIOCESE OF CHICAGO AND MID-AMERICA OF
THE RUSSIAN ORTHODOX CHURCH OUTSIDE OF RUSSIA,

           Intervenor-Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Annie Laurie Gaylor, Dan Barker, Ian Gaylor, and Freedom from Religion Foundation, Inc. are proceeding on a claim that 26 U.S.C. § 107(2) violates the establishment clause because that law allows a "minister of the gospel" to exclude from his

---

[1] I have amended the caption pursuant to Fed. R. Civ. P. 25 to reflect the current Secretary of the Treasury Department.

taxable income a "rental allowance paid to him as part of his compensation," but the law does not provide the same benefit to similarly situated secular employees. Both the government and the intervening defendants have filed motions for summary judgment, dkt. ##43 and 48, which the parties have completed briefing.

My review of the parties' submissions raised a question related to standing that the parties do not address. As both the Supreme Court and the Court of Appeals for the Seventh Circuit have stated many times, a plaintiff needs standing to establish subject matter jurisdiction. This means that a federal court has an independent obligation to resolve any questions about standing, even if the parties do not raise the issue. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998); Schirmer v. Nagode, 621 F.3d 581, 584 (7th Cir. 2010) McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005); Foster v. CenterTownship of LaPorte County, 798 F.2d 237, 241 (7th Cir. 1986).

My concern regarding standing comes directly from Freedom from Religion Foundation, Inc. v. Lew, 773 F.3d 815 (7th Cir. 2014), a case involving the same plaintiffs and the same claim as in this case. The court concluded that plaintiffs did not have standing to bring a claim challenging the tax exemption in § 107(2) because they had not "personally claimed and been denied the exemption." Id. at 821.

In this case, plaintiffs attempted to remedy that problem by seeking a tax refund for their housing expenses under § 107(2). However, plaintiffs admit in their proposed findings of fact that their request was pending at the time they filed this lawsuit in April 2016. Plts.' PFOF ¶¶ 19-20, dkt. #63; dkt. #60-5. Although plaintiffs say that the IRS rejected their

request for a refund in June 2016, Plts.' PFOF ¶ 21, dkt. #63, a federal court "must assess whether jurisdiction was proper as of the time the suit commenced." Autotech Techs. LP v. Integral Research & Development Corp., 499 F.3d 737, 742–43 (7th Cir. 2007). In other words, the general rule is that a party cannot rely on events that occurred after the filing of the complaint to show the existence of subject matter jurisdiction. State Farm Life Insurance Co. v. Jonas, 775 F.3d 867, 870 (7th Cir. 2014) (rejecting argument that postfiling events provided basis for jurisdiction because "a case or controversy must exist when a suit begins—and on that date there was no live controversy"). This raises the question whether plaintiffs satisfied the requirement in Lew at the appropriate time.

Because none of the parties have addressed this issue, I will give them an opportunity to do so now. The intervenors raise other issues related to standing, but those have been briefed by both sides. If necessary, I will address those arguments in a later order.

ORDER

IT IS ORDERED that any party who wishes to respond to this order may have until July 3, 2017, to show cause why this case should not be dismissed for lack of jurisdiction on

the ground discussed in this order. If no party responds by July 3, I will dismiss the case.

Entered this 19th day of June, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4