# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ANNIE LAURIE GAYLOR; DAN
BARKER; IAN GAYLOR, Personal
Representative of the estate of ANNE
NICOL GAYLOR; AND FREEDOM
FROM RELIGION FOUNDATION,
INC.,

     *Plaintiffs,*

  v.

STEVEN MNUCHIN, Secretary of the
United States Department of Treasury;
JOHN KOSKINEN, Commissioner of
the Internal Revenue Service; and the
UNITED STATES OF AMERICA,

     *Defendants,*

  and

EDWARD PEECHER, CHICAGO
EMBASSY CHURCH, PATRICK
MALONE, HOLY CROSS ANGLICAN
CHURCH, AND THE DIOCESE OF
CHICAGO AND MID-AMERICA OF
THE RUSSIAN ORTHODOX CHURCH
OUTSIDE OF RUSSIA,

     *Intervenor-Defendants.*

Case No. 16-CV-215

## BRIEF IN SUPPORT OF CHRISTOPHER BUTLER'S
## UNOPPOSED MOTION TO INTERVENE

1

## FACTUAL AND PROCEDURAL HISTORY

On January 19, 2017, this court granted leave for five parties to intervene as of right, including Chicago Embassy Church and its pastor, Bishop Edward Peecher. Order granting Mot. to Intervene, ECF No. 35 at 6. On June 1, 2017, Bishop Ed ended his service at Chicago Embassy and became a pastor at another church on the South Side of Chicago, where he hopes to establish the same types of community ministries that he ran for over 30 years at Chicago Embassy Church. Second Decl. of Bishop Edward Peecher, ECF No. 83 ¶¶ 2-3. The new senior pastor at Chicago Embassy is now Christopher Butler—known as Pastor Chris. Decl. of Pastor Chris Butler, ECF No. 84 ¶ 2. With Bishop Ed's departure, Pastor Chris now receives a housing allowance from Chicago Embassy, which he is able to exclude from his gross income pursuant to 26 U.S.C. § 107(2). *Id.* ¶¶ 15-16. If the parsonage allowance is struck down in this suit, Pastor Chris faces the same sort of financial harm that warranted Bishop Ed's intervention in this suit. *Id.* ¶¶ 16-18. To avoid a wasteful second lawsuit and the risk of inconsistent judgments, Pastor Chris respectfully requests that this Court permit him to intervene as a defendant alongside his church.

## ARGUMENT

Under Rule 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "If this condition is satisfied, . . . the judge must then decide as a matter of discretion whether intervention should be allowed." *Solid Waste Agency v. U.S. Army Corps of Engineers*, 101 F.3d 503, 509 (7th Cir. 1996). "In exercising its

discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Pastor Chris easily meets this standard.

## I.    Pastor Chris's defense of the parsonage allowance is identical to the existing Intervenors'.

Pastor Chris raises the same question of law that is already the heart of this case: whether 26 U.S.C. § 107(2) is consistent with the Establishment Clause. His arguments are likewise the same as the existing Intervenors': The parsonage allowance is consistent with a historical understanding of the Establishment Clause; it is consistent with *Texas Monthly*; and it is an appropriate application of the "convenience of the employer" doctrine. In fact, Pastor Chris explicitly adopts the existing Intervenors' previous filings in this case, including their answer, ECF No. 21-1, and motion for summary judgment along with the relevant supporting documents, ECF Nos. 48-51, 68, 70-71, 76. He seeks no additional discovery and will file no separate dispositive motions.

## II.    Pastor Chris's intervention serves judicial economy and causes no prejudice or delay.

Sharing identical defenses and arguments with existing parties might weigh against a motion for intervention *as of right*. *See* Fed. R. Civ. P. 24(a)(2) (no right to intervene if "existing parties adequately represent [intervenor's] interest"). But just the opposite is true for *permissive* intervention. Permissive intervention "is just about economy in litigation." *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 987 (7th Cir. 2011). Pastor Chris's complete alignment with the existing

Intervenors shows that including him in the case costs Plaintiffs and the Government nothing, while saving court resources by eliminating a future First Amendment dispute about Pastor Chris's housing allowance.

As the case currently stands, the judgment will bind Chicago Embassy, who pays Pastor Chris's housing allowance; the IRS, who could in the future try to tax Pastor Chris's housing allowance; but not Pastor Chris himself, who actually receives the housing allowance and uses § 107(2). As Intervenors have previously shown, Pastor Chris would face significant obstacles to defending his rights in a separate action. *See* Mem. in Supp. of Proposed Intervenors' Mot. to Intervene, ECF No. 22 at 15-16. Even if he were able to bring a separate action, the possibility of inconsistent judgments could create the bizarre situation where Pastor Chris was permitted to exclude his housing allowance, but Chicago Embassy wasn't permitted to pay it, or the IRS was judgment-bound to tax it. Simply adding Pastor Chris to this case eliminates a wasteful second suit, and eliminates the risk of inconsistent judgments. *See United States v. City of Chicago*, 870 F.2d 1256, 1262 (7th Cir. 1989) (granting motion to intervene, in part to avoid possibility of inconsistent judgments).

In this sense, this case is similar to *Bible Way Church of Our Lord Jesus Christ World Wide, Inc. v. Showell*, 260 F.R.D. 1 (D.D.C. 2009). There, one church sued the leadership of a second church for trademark infringement. The court allowed the second church to intervene nearly a year after the case was filed because the second church's claims were "essentially identical" to its leadership's and because the "core issue" was the dispute between the two churches. *Id.* at 4-5. The court thus concluded

4

that intervention would "promote judicial efficiency and consistency" and would not prejudice the existing parties. *Id.*

So too here. The "core issue" in this case is whether ministers like Pastor Chris will be able to utilize the parsonage allowance in the future. "No other group of people has the potential to be more significantly affected by this case." Order granting Mot. to Intervene, ECF No. 35 at 6. All parties agree that allowing Pastor Chris to intervene will cause no prejudice or delay. *See Richardson v. Helgerson*, No. 15-cv-141, 2015 WL 3397623, at *1 (W.D. Wis. May 26, 2015) ("the lack of opposition to [a] proposed intervention strongly suggests that the other parties will not be prejudiced by the intervention"). Adding Pastor Chris to the case has the same practical effect on the other parties as the Court's recent substitution of Secretary Steven Mnuchin as a defendant—it simply changes the case caption. The case will continue uninterrupted.[*]

## CONCLUSION

For the foregoing reasons, Christopher Butler's motion for permissive intervention should be granted.

---

[*] Rule 24 also requires the motion to be "timely." Fed. R. Civ. P. 24(b). But the standard for timeliness simply raises the same questions about undue delay or prejudice that the rule already requires the Court to consider. *See Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 439 (7th Cir. 1994) ("most important consideration in deciding whether a motion for intervention is untimely is whether the *delay* in moving for intervention will *prejudice* the existing parties to the case") (quoting 7C Charles Allen Wright, et al. *Federal Practice & Procedure: Civil 2d* § 1916 (1986)) (emphasis added).

Dated: July 24, 2017                    Respectfully submitted,

                                        /s/ Hannah C. Smith
                                        Hannah C. Smith
                                        Luke W. Goodrich
                                        Daniel D. Benson[†]
                                        The Becket Fund for Religious Liberty
                                        1200 New Hampshire Ave. NW, Suite 700
                                        Washington, DC 20036
                                        Email: hsmith@becketfund.org
                                        Telephone: (202) 955-0095
                                        Facsimile: (202) 955-0090

                                        *Counsel for Intervenor-Defendants*

                                        [†] *Admitted in Utah and the Western District of*
                                        *Wisconsin, but not in D.C. Supervised by Ms.*
                                        *Smith and Mr. Goodrich, members of the D.C.*
                                        *Bar.*