IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANNIE LAURIE GAYLOR; DAN BARKER;
IAN GAYLOR, personal representative of
the estate of Anne Nicol Gaylor; and
FREEDOM FROM RELIGION FOUNDATION, INC.,

                 OPINION AND ORDER

    Plaintiffs,

                  16-cv-215-bbc

  v.

STEVE MNUCHIN, Secretary of the United States
Department of Treasury; JOHN KOSKINEN,
Commissioner of the Internal Revenue Service;
and the UNITED STATES OF AMERICA,

    Defendants,

  and

EDWARD PEECHER; CHICAGO EMBASSY CHURCH;
PATRICK MALONE; HOLY CROSS ANGLICAN CHURCH;
and the DIOCESE OF CHICAGO AND MID-AMERICA OF THE
RUSSIAN ORTHODOX CHURCH OUTSIDE OF RUSSIA,

    Intervenor-Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In an order dated October 6, 2017, I granted summary judgment to plaintiffs Freedom from Religion Foundation, Annie Laurie Gaylor, Dan Barker and Ian Gaylor as the personal representative of the estate of Anne Nicol Gaylor, and concluded that 26 U.S.C. § 107(2), which excludes from the gross income of a "minister of the gospel" a "rental allowance paid to him as part of his compensation," is unconstitutional. Specifically, I

concluded that § 107(2) violates the establishment clause of the First Amendment because it does not have a secular purpose or effect and because a reasonable observer would view the statute as an endorsement of religion. Dkt. #87. I issued a declaration, stating that 26 U.S.C. § 107(2) violates the First Amendment, but I also directed the parties to file supplemental materials regarding what additional remedies are appropriate, if any. In addition, I asked the parties to address the question whether relief should be stayed pending a potential appeal. The parties' supplemental briefing is now before the court.

All parties agree that the court should not seek to expand § 107(2) in an attempt to make it constitutional. As I stated in the summary judgment decision, I also do not think it would appropriate for the court to issue either an injunction expanding the scope of § 107(2) or an order directing the Internal Revenue Service to do so, because there are multiple ways that the statute could be rewritten and that task should generally be left for Congress. Virginia v. American Booksellers Association, Inc., 484 U.S. 383, 397 (1988) ("[W]e will not rewrite a state law to conform it to constitutional requirements.").

Additionally, all parties agree that invalidating § 107(2) does not require the court to invalidate § 107(1). I agree, particularly because a statute similar to § 107(1) existed without § 107(2) for more than 30 years. Executive Benefits Insurance Agency v. Arkison, 134 S. Ct. 2165, 2173 (2014) ("We ordinarily give effect to the valid portion of a partially unconstitutional statute so long as it remains fully operative as a law, and so long as it is not evident from the statutory text and context that Congress would have preferred no statute at all.") (internal quotations and citations omitted).

With respect to injunctive relief, both plaintiffs and defendants state that the court

should enter an injunction nullifying § 107(2) prospectively. In contrast, the intervenors argue that the court should not enter an injunction because declaratory relief would be least disruptive and would permit the government to continue applying the statute. Dkt. #89 at 6. The intervenors' position is not persuasive, as they are essentially arguing that the government should be permitted to continue allowing ministers to take advantage of § 107(2), despite the court's holding that the statute is discriminatory and unconstitutional. The intervenors cite no authority to support such an argument. Instead, they make the same arguments I considered and rejected in deciding the merits of plaintiffs' claim. Therefore, I agree with plaintiffs and defendants that an injunction nullifying § 107(2) is an appropriate remedy in this case.

Next, plaintiffs ask that the IRS be ordered to partially refund taxes they paid but which would have been reduced if they had been permitted to claim a housing allowance as an exclusion of income under § 107(2). I am denying this request. I have determined that § 107(2) is unconstitutional and should be nullified. Therefore, plaintiffs were not entitled to claim a housing allowance under § 107(2) and they are not entitled to receive a refund of taxes they paid because they were denied the allowance. Because plaintiffs cite no other basis for receiving a refund beyond § 107(2), they have not shown they are entitled to a refund.

Finally, all parties agree that any injunction should be stayed pending resolution of any appeals. Defendants and intervenors ask that injunctive relief be stayed for 180 days after the resolution of any appeals, while plaintiffs argue that the injunction should be enforced immediately upon resolution of any appeals. I agree with defendants and the

intervenors that in light of the substantial changes to tax policy and administration that will occur upon enforcement of the injunction, it is appropriate to stay injunctive relief until 180 days after the final resolution of all appeals. The additional time will allow Congress, the IRS and affected individuals and organizations to adjust to the substantial change.

ORDER

IT IS ORDERED that

1. It is DECLARED that 26 U.S.C. § 107(2) violates the establishment clause of the First Amendment to the United States Constitution.

2. Defendants Steve Mnuchin, John Koskinen and the United States of America are ENJOINED from enforcing 26 U.S.C. § 107(2). The injunction shall take effect 180 days after the conclusion of any appeals filed by defendants or intervenor-defendants or the expiration of defendants' or intervenor-defendants' deadline for filing an appeal, whichever is later.

3. The request for a tax refund made by plaintiff Freedom from Religion Foundation, Annie Laurie Gaylor, Dan Barker and Ian Gaylor as the personal representative of the estate of Anne Nicol Gaylor, is DENIED.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 13th day of December 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge